Lesley KREBS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0310–CR–549.

Court of Appeals of Indiana.

Oct. 20, 2004.

Dana Childress–Jones, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Lesley Krebs appeals his convictions after a jury trial of Count I, child molesta-

tion, a Class A felony;[1] Count II, child molestation, a Class A felony;[2] Count III, child molestation, a Class A felony;[3] Count IV, sexual misconduct with a minor, a Class B felony;[4] and Count VI, battery, a Class A misdemeanor.[5] Krebs raises two issues on appeal, which we restate as:

1. Whether there was sufficient evidence to support his convictions of child molestation and sexual misconduct with a minor; and

2. Whether the trial court properly enhanced Krebs' sentences.

We affirm in part, reverse in part and remand.

## FACTS AND PROCEDURAL HISTORY

Krebs and Sandra Krebs ("Sandra"), his wife, are the parents of P.K., a girl born March 29, 1986, L.K., a girl born April 28, 1987, and three other children. On March 13, 2002, P.K. called the police department to report she and L.K. had been sexually and physically abused by their father and she was concerned for their safety.

Indianapolis Police Officer Kenneth Greer responded to the dispatch. Upon arriving at the Krebs' home, Officer Greer found P.K. and L.K. to be shaken, nervous, and afraid. Sandra and Krebs arrived while Officer Greer was speaking with the children. Officer Greer began questioning Krebs and at some point, Krebs asked to go inside the house to check on his daughters. Krebs did not come back out to speak with Officer Greer; instead, he left the back of the house and drove away.

1. Ind.Code § 35–42–4–3.

2. Ind.Code § 35–42–4–3.

3. Ind.Code § 35–42–4–3.

4. Ind.Code § 35–42–4–9.

Krebs was tried by jury on September 4, 2003. At the time of trial, P.K. was seventeen. She testified she had been physically abused by Krebs since she was seven or eight years old and sexually abused since she was nine or ten years old. When Krebs first started the sexual abuse, he kissed P.K. on the neck and face and started touching her on her back and chest. When she was around 14 or 15 years old, Krebs unbuttoned her pants, laid her down on an old box spring, and placed his thumb in her vaginal area. On another occasion, Krebs told P.K. to stand while he unbuttoned her pants and then he "started licking on [her] vaginal area." (Tr. at 50.)

L.K. was sixteen at the time of Krebs' trial. L.K. testified Krebs had sexually abused her since she was about ten years old. Once when she and Krebs were at home in the kitchen, Krebs started kissing her and "feeling on [her] chest." (*Id.* at 81.) On another occasion, Krebs took off all of his clothing except his shirt, took off all of L.K.'s clothing, took her in a bedroom, and "then [he] started kissing on [her] and put his finger in [her] vagina." (*Id.* at 82.) As he tried to get on top of her, Krebs asked L.K. "if [she] wanted to have his child." (*Id.*) L.K. started kicking Krebs to get him off of her, and he hit her on her legs with a belt. Another time, Krebs told L.K. to get on her knees and he forced her to put her mouth on his penis. Krebs then asked L.K. if she knew what sperm looked like. Krebs proceeded to masturbate in front of L.K. until he ejaculated.

5. Ind.Code § 35–42–2–1. The State also charged Krebs with Count V, child molestation, a Class C felony. The jury found him guilty and the trial court merged that verdict with the verdict for Count IV, sexual misconduct with a minor.

L.K. told P.K. what Krebs had done to her on the day P.K. called the police. L.K. testified that on that day Krebs had asked her to show him her chest. When she refused, Krebs became angry and grabbed her arm causing her pain.

On October 3, 2003, the court sentenced Krebs to thirty-five years with five years suspended each on Counts I and II,[6] to be served consecutively; thirty years on Count III, to be served consecutive to Counts I and II; twelve years with two years suspended on Count IV to be served consecutive with Counts I, II, and III;[7] and one year on Count VI, to be served concurrently with Counts I, II, II and IV. Krebs' total sentence is 100 years.

## DISCUSSION AND DECISION

### 1. *Sufficiency of Evidence*

When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Spurlock v. State*, 675 N.E.2d 312, 314 (Ind.1996). We look to the evidence and the reasonable inferences therefrom that support the verdict and we will affirm a conviction if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

Krebs argues the evidence is insufficient to support his convictions of child molesting and sexual misconduct with a minor. Specifically, he maintains the State failed to prove beyond a reasonable doubt that he committed the acts of child molestation and sexual misconduct on or between the specific dates alleged in the charging information.

Count I of the charging information provides:

On or between March 29, 1996 and March 29, 1997, [Krebs], being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct, by inserting his finger into the sex organ of [P.K.] while [P.K.] was then under the age of fourteen (14) years, that is: ten (10) years old[.]

(Appellant's App. at 55–56.) The State elicited testimony from P.K. about three incidents of sexual abuse. She testified the first incident occurred when she was between nine and ten years old. The following exchange took place during direct examination:

Q And do you recall—approximately how old were you at the time the sexual abuse began.

A That would be between 9 and 10.

* * * * *

Q What happened then in that front room?

A Is—[Krebs] started to—at first he had told me to go to him—and I [did not] think anything. I went to him. I just thought that maybe he wanted a hug or something. So, I went to him and he had told me to sit down and I set [sic] down and I turned around and then he started kissing and feeling on me.

---

6. Indiana Code Section 35–50–2–4 provides in part: "A person who commits a Class A felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances."

7. Indiana Code Section 35–50–2–5 provides in part: "A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances."

Q And where was he kissing ... kissing you—on what part of your body?

A It was just on my neck and—face.

Q Prior to him calling you to him, what had you been doing?

A I had just got out of the shower, and I went into the front room to sit down.

Q And where was [Krebs] touching you on your body?

A My back and chest.

Q And did he touch you anywhere else?

A Not that day.

\* \* \* \* \*

Q And this—this occurred when you were 10 so some time during—during the year when your [sic] ten years of age this happened.

A Yes.

(Tr. at 43–45.)

Child molesting under Ind.Code § 35–42–4–3 encompasses the acts of sexual intercourse, deviate sexual conduct, and fondling or touching with the intent to arouse sexual desires. *Downey v. State,* 726 N.E.2d 794, 796 (Ind.Ct.App.2000). In Count I, Krebs was charged with and convicted of child molesting by deviate sexual conduct under Ind.Code § 35–42–4–3(a). On this charge, the State was required to prove Krebs (1) performed or submitted to (2) deviate sexual conduct (3) with a child under the age of fourteen. *Id.* Deviate sexual conduct is an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object. Ind.Code § 35–41–1–9.

In *Shackelford v. State,* 622 N.E.2d 1340, 1344 (Ind.Ct.App.1993), we reversed a conviction of child molesting by deviate sexual conduct because the victim's testimony made it impossible for the jury to make a finding beyond a reasonable doubt the defendant committed deviate sexual conduct. The victim testified Shackelford had touched one of her 'private parts' with his penis, that he had kissed her private parts, and that she had kissed his private parts. In describing her private parts, the victim included her breasts. She was never asked to define what she meant when she referred to Shackelford's private parts. Though it was clear that an inappropriate touching or fondling took place, the evidence was not sufficient to permit a jury to infer beyond a reasonable doubt that Shackelford had engaged in an act involving his penis and her mouth or anus or her sex organ and his mouth.

Similarly, in this case, while an inappropriate touching clearly took place, the evidence was insufficient to permit a jury to infer beyond a reasonable doubt that Krebs inserted an object, i.e., his finger, into the sex organ of P.K. when she was "ten (10) years old." (Appellant's App. at 55–56.) Therefore, the evidence was insufficient to convict Krebs as charged on Count I, and the trial court must vacate that conviction.[8]

8. We note that Krebs was charged with two acts against P.K.: Count I was Class A felony child molesting for inserting his finger into P.K.'s vagina when P.K. was ten; and Count IV was Class B felony sexual misconduct with a minor for placing his mouth on P.K.'s vagina when she was fourteen to sixteen years old. The difference between the Class A felony in Count I and the Class B felony in Count IV is the age of the victim. *Compare* Ind. Code § 35–42–4–3(a) with Ind.Code § 35–42–4–9(a). P.K. testified to both of the acts charged; however, she testified they both occurred when she was "probably say—14–15." (Tr. at 47.) Despite the evidence supporting Krebs' commission of a second count of Class B felony sexual misconduct with a minor, we may not order the trial court to reduce his

Count II of the charging information provides:

On or between April 28, 1997 and March 13, 2002, [Krebs], being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct, an act involving the sex organ of [Krebs], and the mouth of [L.K.] while [L.K.] was then under the age of fourteen (14) years, that is: ten (10) years old[.]

(*Id.*) L.K. testified about an incident of sexual abuse where Krebs told her to get on her knees and he forced her to put her mouth on his penis. Although L.K. could not remember how old she was at the time, she testified the temperature outside was "about middle ways ... some warm ... kind of a little chilled outside." (Tr. at 84.) She also testified it was "probably in the fall." (*Id*). L.K. could not remember the specific date of the incident; however, as time is not of the essence in child molestation cases, the State simply had to prove the acts occurred within the period charged.[9]

While the charging information alleged L.K. was ten years old, it also indicated the crime occurred between April 28, 1997 and March 13, 2002. During this time, L.K. was ten to fourteen years old. As L.K. testified the abuse started when she was ten, and P.K. called the police on March 13, 2002, when L.K. was fourteen, the jury could reasonably infer the act occurred within the time charged. Therefore, Krebs' allegation fails for this count.

■ Count III of the charging information provides:

On or between April 28, 1999 and April 27, 2000, [Krebs] being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct, by inserting his finger into the sex organ of [L.K.], while [L.K.] was then under the age of fourteen (14) years, that is: twelve (12) years old[.]

(Appellant's App. at 56.) Again, L.K. could not remember how old she was when the second incident of sexual abuse occurred; however, she testified on that occasion Krebs took off all of his clothing except his shirt, took off all of her clothing, took her into a bedroom, and kissed her and put his finger in her vaginal area. As discussed above, Krebs' abuse of L.K. occurred when she was between ten and fourteen years old. Although L.K. could not remember the specific date of the incident, it did not occur "near the dividing line between classes of felonies." *See Barger*, 587 N.E.2d at 1307. Therefore, proof of the exact time the act occurred is not essential to the State's case, and Krebs' allegation fails for this count.

Count IV provides:

conviction from the Class A felony to a Class B felony because the Class B offense is neither inherently or factually included in the Class A offense. *See Mahla v. State*, 496 N.E.2d 568, 573 (Ind.1986) ("[C]lass C child molesting can *not* be an 'inherently' or 'factually' included lesser offense of the Class B felony crime. The material element of the victim's age inherently separates these crimes. The victim either is or is not older than twelve (12) when the acts occur.")(emphasis original), *reh'g denied*.

9. Our supreme court has concluded time is not of the essence in the crime of child mo-

lesting. *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind.1992). The court stated:

It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

*Id.*

On or between March 29, 2000 and March 28, 2001, [Krebs] being at least twenty-one (21) years of age, did perform or submit to criminal deviate conduct, by placing his mouth on the sex organ of [P.K.], a child that was at least fourteen (14) years of age but less than sixteen (16) years of age[.]

(Appellant's App. at 56.) P.K. testified Krebs molested her by inserting his thumb into her vaginal area when she was "probably say—14—15." (Tr. at 47.) Thereafter, she testified to an incident where Krebs unbuttoned her pants and "started licking on [her] vaginal area." (*Id.* at 50.) P.K. did not specify when this incident occurred; however, P.K. testified to this incident after testifying to an incident that occurred when she was fourteen or fifteen, and P.K. had not yet turned seventeen when she called the police on March 13, 2002. As time is not of the essence in a child molestation case, the jury could reasonably infer Krebs committed the act when P.K. was between fourteen and sixteen.

Count V provides:

On or between April 28, 1999 and April 27, 2000, [Krebs], did perform or submit to any [sic] fondling or touching with [L.K.], a child who was then under the age of fourteen (14) years, that is: twelve (12) years old, with intent to arouse or satisfy the sexual desires of Krebs[.]

(Appellant's App. at 56.) The following exchange took place during the direct examination of L.K.:

Q How old were you—how old were you the first time you can recall something happening.

A Age 10[.]

\* \* \* \* \*

Q And you said your birthday's on April the 28th of 1987.

A Yes.

Q So—some time—during 1997—this would have happened?

A Yes, ma'am.

\* \* \* \* \*

Q What—what happened in the kitchen that day.

A [Krebs] was kissing me and kept on feeling on my chest.

Q And what was he feeling on your chest with?

A My boobs[.]

Q What part of his body was touching your chest.

A His hands.

(Tr. at 80–81.) This was sufficient evidence to prove beyond a reasonable doubt that Krebs engaged in the fondling or touching of L.K. when she was under fourteen years old. *See Barger,* 587 N.E.2d 1304, 1307 (Ind.1992).

Krebs also argues the evidence is insufficient to prove he committed child molestation and sexual misconduct because P.K. told a judge the incidents of molestation never happened. During cross-examination, P.K. testified that she had lied to the judge "because [she] was in fear of losing [her] daughter." (Tr. at 52.) Krebs' son, J.K., testified L.K. and P.K. told him Krebs did not molest them and they had accused Krebs because they were mad at him. The jury heard the testimony and was free to weigh the credibility of the witnesses. Krebs invites us to reweigh the evidence, which we cannot do.

### 2. *Sentence*

Krebs argues the trial judge's imposition of a one hundred year sentence is inappropriate and disproportionate. However, we do not address that argument. Instead we evaluate *sua sponte* the constitutionality of

Krebs' sentence under the United States Supreme Court's recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Prior to *Blakely,* we reviewed our trial courts' sentencing decisions for an abuse of discretion. *See, e.g., Bocko v. State,* 769 N.E.2d 658, 667 (Ind.Ct.App.2002), *reh'g denied, trans. denied* 783 N.E.2d 702 (Ind. 2002). If a trial court used aggravating or mitigating circumstances to modify the presumptive sentence, all we required the trial court to do was: (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *See id.*

However, in *Blakely,* the Supreme Court held the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature. —— U.S. at ——, 124 S.Ct. at 2536. The Court held "the fact of a prior conviction" is an exception to this rule. *Id.* Accordingly, it appears our trial courts no longer have discretion to sentence a criminal defendant to more than the presumptive sentence unless the defendant waives his right to a jury at sentencing, a jury first determines the existence of aggravating factors, or the defendant has a criminal history.

The trial court enhanced Krebs' sentences based on the following aggravating circumstances:

I'm finding aggravating circumstances throughout this because the crime was particular [sic] heinous crime involving a 10 and a 12 year old daughter who—and

he had obviously confronted the victims to commit the crime. That's aggravating. He was obviously in a position of trust being a father and from the pattern of this occurrence, it would appear that he would probably commit these crimes again, it appears to the Court.

(Tr. at 217–18.)

 The trial court then sentenced Krebs to a total of one hundred years in the Indiana Department of Correction, stating:

... I'm adding 5 years to the 30 years on that. 30 years will be executed in DOC. 5 years will be suspended. On Count II, also a Class A felony, there will be a 30 year sentence to be consecutive with Count I—it will be a 35 year sentence. 30 years executed. 5 years suspended. Count II to be consecutive with Count I. Count III, is a Class A felony. There will be a 30 year sentence. I'm finding aggravating circumstances for the same reasons I already stated and Count III will be consecutive with Counts I and II. Count IV is a Class B felony a 10 year stated term. I'm finding aggravating circumstances that I repeated and adding 2 years to that. 10 years will be executed consecutive with Counts I, II and III. Count V merged. Count VI is a Class A misdemeanor. There will be a one year sentence to be concurrent with Counts I, II, III, and IV. And executed sentence thereby of 100 years and the aggravating circumstances that I stated—that I considered and repeat for deciding this sentence consecutively.

(Appellant's App. at 218.) [10]

The trial court enhanced Krebs' sentences based on factual findings without a

---

10. The State argues Krebs' sentences do not exceed the presumptive because the portion

in excess of the presumptive on each count was suspended. We disagree.

jury making those findings beyond a reasonable doubt. That procedure violates Krebs' Sixth Amendment right to trial by jury. *See Blakely*, ⸺ U.S. at ⸺, 124 S.Ct. at 2536.

## CONCLUSION

Because the State did not present sufficient evidence to convict Krebs of Count I, child molesting as a Class A felony, we reverse Krebs' conviction as to that count. However, we affirm the remainder of his convictions and remand for sentencing proceedings consistent with *Blakely*.

Affirmed in part, reversed in part, and remanded.

SHARPNACK and BAILEY, JJ., concur.

In a concurrence in *Beck v. State*, 790 N.E.2d 520 (Ind.Ct.App.2003), this judge noted a suspended sentence is one actually imposed but the execution of which is thereafter suspended. *Id.* at 523 (May, J., concurring). Such a sentence is "a definite sentence postponed so that the defendant is not required to serve his time in prison unless he commits another crime or violates some court-imposed condition[.]" *Id.* (citing *United States v. Gajdik*, 292 F.3d 555, 558 (7th Cir.2002)). *See also Pagan v. State*, 809 N.E.2d 915, 928 n. 9 (Ind.Ct.App.2004) ("This court has clarified that we will consider suspended portions of a sentence as well as executed portions when considering the appropriateness of a sentence."); *Cox v. State*, 792 N.E.2d 898, 904 n. 6 (Ind.Ct.App.2003) ("A year is still a year, and a sentence is still a sentence."), *trans. denied.*