Frank STOTT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0405–CR–285.

Court of Appeals of Indiana.

Jan. 5, 2005.

Publication Ordered Jan. 19, 2005.

Transfer Denied March 31, 2005

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Frank Stott was charged with three counts of the Class C

felony of child molesting. After a bench trial Stott was found guilty of one count, acquitted on one count, and the third count was dismissed. Stott was sentenced on two counts of child molesting, the sentences to be served concurrently, three years executed followed by three years of probation. This appeal follows.

We affirm in part and reverse and remand with instructions in part.

## ISSUES

Stott states the issues as:

I. Whether the trial court erred in entering judgment of conviction and sentencing the Defendant for a count of child molesting after finding reasonable doubt as to that count and entering an acquittal during a bench trial.

II. Whether the six year sentence, two more years than the "fixed term" provided by statute, was improperly based on aggravating circumstances found only by the trial court in contravention of the Sixth and Fourteenth Amendments as explained in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

III. Whether the six-year sentence is further flawed because the trial court improperly relied on incorrect factual information and material elements of the offense in finding "the nature and circumstances of the offense" as an aggravating circumstances.

IV. Whether conditions of probation barring the Defendant from any contact with children and entering within 1000 [feet] of any school or daycare center are overly broad.

## FACTS

The underlying facts show that Stott was charged with three counts of child molesting. Count One charged that Stott touched or fondled seven-year-old M.R.

Count Two charged Stott with touching or fondling six-year-old A.P. Count Three charged Stott with touching or fondling seven-year-old L.P. Each of the three girls was Stott's step-grandchild.

Specific facts relating to the issues will be added as needed.

## DISCUSSION AND DECISION

### Issue I.

At the end of the bench trial the trial judge said, "With respect to Count One, the Court does have some reasonable doubt as to the intent, so the Court will enter a judgment of acquittal on Count One." In spite of the trial judge's pronouncement, the chronological case summary shows a guilty finding on Counts One and Three and the subsequent sentencing on both counts. The abstract of judgment shows a guilty finding on two counts of child molesting. Stott's trial counsel even sought concurrent sentences on the two counts.

Authority for deciding this issue is virtually non-existent. The State, because of the confusion and inconsistencies between the transcript and the record, urges the matter be remanded to the trial court for clarification. However, when the facts are considered we are of the opinion that a remand would be of little value. We are persuaded by the logic of *Whatley v. State*, 685 N.E.2d 48, 50 (Ind.1997), which held that the in-court pronouncement prevails over subsequent contradictory language. Here, the trial court obviously and unmistakably stated on the record that Stott was acquitted on Count One. It is elementary that the trial court be bound by its judgment.

This cause is remanded for the purpose of correcting the record to show that Stott's conviction on Count One is vacated.

*Issue II.*

Stott next contends that *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) extends his sentence beyond the statutory maximum (four years for a Class C felony in Indiana) because of facts not pleaded or determined by a jury. Insofar as this appeal is concerned *Blakely* holds that, within a 6th Amendment context, a jury is required to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature. *Krebs v. State,* 816 N.E.2d 469, 475–6 (Ind.Ct.App.2004).

While Stott's argument is true as far as it goes, it is also subject to a notable and applicable exception. The fact of a prior conviction is the exception. *Krebs,* 816 N.E.2d at 475. The sentencing court relied upon Stott's history of criminal activity as an aggravating factor in enhancing the sentence from four years to six years and in so doing did not offend the holding in *Blakely.*

The State advances a waiver argument in that Stott failed to make a Sixth Amendment objection to the trial court's enhancing his sentence. This question was decided in a manner adverse to the State's position in *Strong v. State,* 817 N.E.2d 256, 258 (Ind.Ct.App.2004).

*Issue III.*

In sentencing Stott, the trial court set forth two aggravating circumstances in support of the enhanced sentence. The first, as previously mentioned, was Stott's prior criminal history. The second was the nature and circumstances of the crime as expressed by the fact that there were multiple victims, that Stott was in a position of trust, and that the molestations had a traumatic effect on the children. Stott argues that the second aggravator is not valid. He contends that there was only one victim, and there is no evidence of extraordinary trauma on the part of the victim.

Stott asks that this cause be remanded for re-sentencing because, he argues, the second aggravator was invalid. Citing *McCann v. State,* 749 N.E.2d 1116, 1121 (Ind.2001), Stott contends that because of the absence of the second mitigator the trial court might not enter the same sentence. However, we hold that the prior criminal history aggravator is sufficient to uphold an enhanced sentence in this case. An enhanced sentence may be imposed when the only aggravating circumstance is the defendant's prior criminal history. *Miles v. State,* 777 N.E.2d 767, 773 (Ind.Ct.App.2002).

*Issue IV.*

The State raises a waiver question on this issue because at sentencing Stott did not object to the conditions of probation. Generally, a contemporaneous objection is required to preserve an issue for appeal. *Spears v. State,* 811 N.E.2d 485, 488 (Ind.Ct.App.2004). Waiver notwithstanding, Stott fails to show error on this issue.

As a condition of probation, Stott was barred from having any contact with children under the age of 18 and from entering within 1000 feet of any school or daycare center. Stott contends that these conditions are overly broad. A portion of this argument is motivated by the fact that Stott has a twelve-year-old daughter with whom he visited on weekends.

A trial court enjoys broad discretion when determining the appropriate conditions of probation. *Smith v. State,* 779 N.E.2d 111, 117 (Ind.Ct.App.2002), *trans. denied.* This discretion is limited only by the principle that the conditions

imposed must be reasonably related to the treatment of the defendant and the protection of public safety. *Id.* Where, as here, the defendant challenges a probationary condition on the basis that it is unduly intrusive on a constitutional right, we will evaluate that claim by balancing the following factors; (1) The purpose to be served by probation, (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be enjoyed by probationers, and (3) the legitimate needs of law enforcement. *Id.* This court has observed that child molesters molest children to whom they have access. *Id.* In such situations, probation conditions that reduce the potential for access to children are reasonable. *Id.*

In the case of *Fitzgerald v. State,* 805 N.E.2d 857, 867 (Ind.Ct.App.2004) a condition of probation prohibited the defendant from being present at parks and schools. Such a condition of probation was held not to be vague. The *Fitzgerald* court held that restricting a sex offender's access to locations where other potential victims are present will further his rehabilitation and also protect those whom he may harm. In this case the trial court prohibits Stott from being within 1000 feet of schools and day care centers. The prohibition is specific and accurately defined as well as serving the purpose of keeping Stott from being where children, potential victims, congregate.

As in *Smith* and *Fitzgerald,* we are of the opinion that the two conditions of probation are protective measures for children and that they will assist Stott in his rehabilitation. Insofar as Stott's future relationship with his daughter is concerned it would seem appropriate, when the time is right, to petition the court for a modification of his probation to include visitation with that child. In that way the trial court could hear evidence that would enable a proper decision on the matter. *See* Ind. Code § 35–38–2–2.4(A).

### CONCLUSION

Stott's sentence on Count One should be set aside and this cause is remanded for that purpose. The dictates of *Blakely* were not violated; therefore, Stott's sentence was properly enhanced because of his prior criminal record. The conditions of Stott's probation are not overly broad. These issues are affirmed.

Affirmed in part and reversed and remanded in part with instructions.

NAJAM, J., and RILEY, J., concur.

### ORDER

On January 5, 2005, this Court handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication." The Appellant, by counsel, has filed a "Motion to Publish.". The Appellant states that the decision discusses legal and factual issues of substantial public importance and that the decision establishes and/or clarifies the law. The Appellant asks the Court to publish the opinion for this appeal.

Having considered the matter, the Court now FINDS AND ORDERS:

1. The Appellant's motion to publish the decision is GRANTED and this Court's opinion heretofore handed down in this cause on January 5, 2005, marked "Memorandum Decision, Not for Publication," is now ordered PUBLISHED.

All Panel Judges Concur.