**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CLAIR WILSON,                            )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )   No. 49A02-1110-CR-914
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-1001-FA-7240

**August 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Clair Wilson appeals his four convictions for Class B felony sexual misconduct with a minor following a jury trial. Wilson raises two issues for our review, which we restate as follows:

1. Whether the State failed to present sufficient evidence of the age of Wilson's victim, A.G.; and

2. Whether the jury was improperly exposed to extraneous and prejudicial information about an approaching ice storm.

We affirm.

## FACTS AND PROCEDURAL HISTORY

A.G. was born on August 24, 1990. When A.G. was about five years old, her mother began dating Wilson. On multiple occasions when A.G. was fourteen and fifteen years old, Wilson performed oral sex on her and had her perform oral sex on him.

On February 9, 2010, the State charged Wilson with multiple counts. After twenty-five minutes of deliberations, the jury returned a verdict against Wilson. The trial court entered judgment of conviction against Wilson for four counts of sexual misconduct with a minor, each as a Class B felony, and the court sentenced Wilson accordingly. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Sufficiency of the Evidence

Wilson first contends that the State failed to prove that A.G. was between fourteen and sixteen years of age when he performed oral sex on her and when he had her perform oral sex on him. When reviewing a claim of sufficiency of the evidence, we do not

reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

The State charged Wilson with four counts of sexual misconduct with a minor, each as a Class B felony. To prove those crimes, the State was required to show that Wilson was at least twenty-one years of age when he performed or submitted to deviate sexual conduct, oral sex, with a child at least fourteen years of age but less than sixteen years of age. See Ind. Code 35-42-4-9. Two of the State's four charges alleged that Wilson performed oral sex on A.G., once when she was fourteen and once when she was fifteen, and two of the State's charges alleged that Wilson submitted to oral sex from A.G., once when she was fourteen and once when she was fifteen. Wilson only challenges the State's evidence regarding A.G.'s age at the time of the deviate sexual conduct.

At trial, A.G. testified that she was "[f]ourteen or fifteen" when Wilson performed oral sex on her "five times." Transcript at 36. Thus, the State presented sufficient evidence to support its two allegations that Wilson performed oral sex on A.G. while she was between fourteen and sixteen years of age.

A.G. further testified that she performed oral sex on Wilson "[m]ore than two" times "before [she] w[as] sixteen." Id. at 48. She also testified that those events

happened after Wilson "touch[ed]" her vagina, id. at 20, 28-34, which occurred during her "second seventh grade year," id. at 21, during which she was "[f]ourteen" years old, id. at 60. Thus, the State presented sufficient evidence to support its two allegations that Wilson submitted to oral sex from A.G. while she was between fourteen and sixteen years of age.

A.G.'s testimony notwithstanding, Wilson argues on appeal that his convictions must be reversed because each of the State's four charges alleges a specific time frame for the deviate sexual conduct, and A.G.'s testimony does not squarely place any act within the State's alleged timeframes. But this argument incorrectly assumes that time is of the essence for Wilson's crimes. As we have stated, "time is not of the essence" when the State charges sexual misconduct with a minor unless the acts occurred "near the dividing line between classes of felonies." Krebs v. State, 816 N.E.2d 469, 473-74 (Ind. Ct. App. 2004). There is no dispute that the events in question here did not fall near the dividing line between classes of felonies because at all relevant time Wilson was at least twenty-one years of age.

We also note that the State's charging information did not mislead Wilson in the preparation and maintenance of his defense. See Neff v. State, 915 N.E.2d 1026, 1031 (Ind. Ct. App. 2009) ("A variance is fatal if the defendant is misled by the charge in the preparation and maintenance of his or her defense, and he or she was harmed or prejudiced as a result."). Wilson's defense was that he never engaged in inappropriate sexual contact with A.G. at any time; he did not claim that the contact occurred but that

4

she was outside the requisite age range. As such, A.G.'s testimony did not need to be any more specific than it was, and Wilson's arguments to the contrary must fail.

## Issue Two: The Expeditious Jury

Wilson also argues that he must have been denied a fair and impartial jury because the jury only deliberated for twenty-five minutes before determining his guilt. While the legal context of Wilson's argument on this issue is unclear,[1] it appears that his argument is that the trial court "improperly exposed [the jury] to extraneous material," i.e., the weather report, which, he alleges, had "a clear potential to taint its verdict." Appellant's Br. at 9. Wilson then cites four excerpts from the transcript in which either his attorney or the court made a comment about an approaching ice storm. Based on those excerpts, Wilson concludes that "[w]eather was a clear concern during Wilson's jury trial." Id. at 10.

As an initial matter, Wilson has not preserved this supposed error for appellate review. The approaching weather was well known to his trial counsel, yet his counsel did not object to the alleged exposure of this information to the jury, nor did he request a mistrial. See Lindsey v. State, 260 Ind. 351, 355-56, 295 N.E.2d 819, 822-23 (1973) (reviewing the defendant's claim that the jury had been improperly exposed to extraneous material after noting that the defendant had moved for a mistrial on the same basis). Waiver notwithstanding, the reason Wilson's counsel did not object is because there is no

---

[1] Insofar as Wilson attempted to argue that the jury was too concerned with approaching severe weather to give him the consideration to which he was constitutionally entitled based on the length of the trial or the facts of his case, he does not support that potential argument with cogent reasoning, and it is waived. Ind. Appellate Rule 46(A)(8)(a); see also Shield v. State, 523 N.E.2d 411, 413 (Ind. 1988) (rejecting the defendant's argument that he had been denied his right to a jury trial and due process "because the jury deliberated and reached a verdict in only fifty minutes" in light of "the length of the trial and the facts in this case").

evidence that the jury was exposed to the information. Indeed, each of Wilson's four transcript excerpts reflects commentary made either outside the presence of the jury or after the jury returned its verdict. As such, Wilson presents no evidence that the jury was ever exposed to extraneous material, and Wilson's arguments to the contrary are without merit.

## Conclusion

In sum, we affirm Wilson's convictions. The State presented sufficient evidence of A.G.'s age at the time of the crimes, and Wilson has not shown that he was denied his right to a fair and impartial jury.

Affirmed.

RILEY, J., and DARDEN, J., concur.