**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 31 2012, 11:00 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRADLEY C. TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1204-CR-348 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1108-FC-146

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Bradley Taylor challenges the sufficiency of the evidence to support his conviction of Class C felony child molestation.[1] He asserts the victim's testimony was incredibly dubious. He also argues a condition of his probation is impermissibly vague. We affirm.

## FACTS AND PROCEDURAL HISTORY

S.M.B. was born on March 20, 2005. After her birth, her mother, Heather, married Taylor. On May 2, 2011, S.M.B.'s grandmother took her to a doctor appointment for a urinary tract infection. During the appointment, the nurse noticed red marks on S.M.B.'s left side and referred her to a child protection team coordinator at St. Vincent's Hospital. During the course of the child protection team coordinator's investigation of the marks, S.M.B. indicated Taylor forced her to touch his penis until he ejaculated and he told her he would spank her if she told anyone.

S.M.B. related the incident to the medical director of the child protection team at St. Vincent's, who called the Department of Child Services (DCS). DCS interviewed S.M.B. and placed her with her biological father. Police interviewed Taylor and Heather. The State subsequently charged Taylor with Class C felony child molestation.

The trial court found Taylor guilty as charged after a bench trial and sentenced him to six years incarcerated with three years suspended to probation. As a condition of his probation, Taylor was prohibited from having contact with any person under the age of sixteen "unless [Taylor] receive[d] court approval or successfully complete[d] a court-approved sex offender treatment program, pursuant to IC. 35-38-2-2.4. Contact includes

---

[1] Ind. Code § 35-42-4-3(b).

face-to-face, telephonic, written, electronic, or any indirect contact via third parties." (App. at 16.)

## DISCUSSION AND DECISION

1. Incredible Dubiosity Rule

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

To prove Taylor committed Class C felony child molesting, the State had to prove Taylor performed or submitted to fondling or touching of a child under the age of fourteen with intent to arouse his sexual desires or the sexual desires of the child. Ind. Code § 35-42-4-3(b). Taylor argues the State did not present sufficient evidence to prove he committed Class C felony child molestation because S.M.B's testimony was incredibly dubious. We disagree.

Under the "incredible dubiosity" rule, a reviewing court will impinge on the

3

factfinder's responsibility to judge the credibility of the witness only when it has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of "incredible dubiosity." *Stephenson v. State*, 742 N.E.2d 463, 497 (Ind. 2001), *cert. denied* 534 U.S. 1105 (2002). When a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Id*. at 497–98. Application of this rule is rare; the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id*. at 498.

Taylor argues inconsistencies between S.M.B.'s testimony at trial and her testimony during a deposition make her testimony incredibly dubious. "The fact that a witness gives trial testimony that contradicts earlier pre-trial statements does not necessarily render the trial testimony incredibly dubious." *Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002). S.M.B. initially told a social worker at the hospital that Taylor forced her to touch his penis until he ejaculated and that her mother would get mad when Heather stepped in the ejaculate. S.M.B told the same story to a doctor at the hospital, though she indicated the incident happened "almost every day." (Tr. at 160.) At trial, S.M.B. testified the molestation occurred five times and also testified Heather never stepped in Taylor's ejaculate.

Taylor argues the inconsistencies in S.M.B.'s testimony "are so inherently improbable that her accusation runs counter to human experience." (Br. of Appellant at 8.) However, "inconsistent statements made by a witness at trial will not render his trial testimony inherently dubious[.]" *Cowan v. State*, 783 N.E.2d 1270, 1278 (Ind. Ct. App. 2003). Taylor

4

has not indicated any other reason S.M.B.'s testimony was incredibly dubious. Further, when interviewed by the police, Taylor lied when asked if he was ever left alone with S.M.B. When asked, Taylor indicated he was "110 percent" certain he never watched S.M.B. alone (Tr. at 206), and on the days S.M.B. alleged he molested her, S.M.B. was with Heather's mother. However, Heather testified that, during the time period in question, Taylor watched the children in the mornings after she left for work. In addition, the State presented evidence Taylor was not working as he indicated during the time period in question.

A conviction of child molesting may rest on the uncorroborated testimony of the victim, *Barger v. State*, 587 N.E.2d 1304, 1308 (Ind. 1992), *reh'g denied*. In addition, the State presented circumstantial evidence of Taylor's guilt via testimony that he lied to police. *See Reno v. State*, 248 Ind. 334, 337, 228 N.E.2d 14, 16 (1967) (providing false answers to police questioning may be circumstantial evidence of guilt. Finally, the fact Taylor was home alone with S.M.B. during the time S.M.B. alleged the molestation occurred adds to the circumstantial evidence of Taylor's guilt, as he had the opportunity to commit the crime. *See Roop v. State*, 730 N.E.2d 1267, 1271 (Ind. 2000) (Roop's presence at the scene of the crime, coupled with Roop's statement en route to the hospital was circumstantial evidence of his guilt). Therefore, we hold S.M.B.'s testimony, which was not incredibly dubious, coupled with the circumstantial evidence against Taylor, was sufficient to prove Taylor committed Class C felony child molestation.

2.    Condition of Probation

Trial courts have broad discretion to determine the conditions of probation, and we will reverse only for an abuse of that discretion. *Stott v. State*, 822 N.E.2d 176, 179 (Ind. Ct. App. 2005), *trans. denied*. The conditions of probation must be reasonably related to the treatment of the defendant and the protection of the public. *Id*. at 180. This court has observed "child molesters molest children to whom they have access." *Id*. Thus, in such situations, "probation conditions that reduce the potential access to children are reasonable." *Id*.

The condition of probation Taylor challenges, Condition 17, requires he have "no contact with any person under the age of 16" unless he receives "court approval or successfully complete[s] a court-appointed sex offender treatment program." (App. at 16.) The condition further indicates, "[c]ontact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties." *Id*.

Our court has held a probationer "has a due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison." *McVey v. State*, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007), *reh'g denied*, *trans. denied*. Taylor argues Condition 17 "does not put him on adequate notice as to what constitutes 'contact[,]'" (Br. of Appellant at 13), and the alleged ambiguity puts him at risk of unknowingly violating his probation when he did not intend to do so.

In support of his vagueness argument, Taylor cites *Hunter v. State*, 883 N.E.2d 1161, 1164 (Ind. 2008), wherein our Indiana Supreme Court held a condition of probation identical

6

to that in the instant case was "ambiguous" and thus Hunter was not on notice that his "momentary presences with his sister's children" violated the terms of his probation. *Id.* However, *Hunter* is distinguishable because while our Indiana Supreme Court held the language to be vague as applied to Hunter's behavior, it acknowledged Hunter's incidental contact with his sister's children was not a probation violation because he was not on notice the conduct was prohibited, not because the conduct was not a violation of his probation. *Id.*

Thus, *Hunter* is specific to the facts before it, and acts as clarifying precedent regarding the definition of the term "contact" in the language of the probation condition. We therefore hold Condition 17 of Taylor's probation to be sufficiently clear as to put him on notice of what conduct is prohibited while he is on probation.

## CONCLUSION

We hold the State presented sufficient evidence Taylor committed Class C felony child molestation because S.M.B.'s testimony was not incredibly dubious. In addition, we hold Condition 17 of Taylor's terms of probation is not vague and gives Taylor sufficient notice of the behavior prohibited by the terms of his probation. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.

7