**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARRICK P. TWIFORD, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  20A04-1205-CR-284 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1004-FA-21

**January 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Garrick P. Twiford, Jr. was convicted in Marion Superior Court of two counts of child molesting, one count as a Class A felony,[1] and one as a Class C felony. Twiford appeals, contending the evidence is insufficient to support his Class A felony child molesting conviction based upon the allegation that he penetrated the anus of the victim. *Appellant's Br*. at 2.

In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and the reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging witness credibility, we conclude no reasonable fact finder could find the elements of the crime beyond a reasonable doubt. *Tyson v. State,* 766 N.E.2d 715, 717-18 (Ind. 2002).

Count One of the State's charging information alleges that between June 1 and September 30, 2009, Twiford "did knowingly perform or submit to deviate sexual conduct or sexual intercourse with B.B., a child under fourteen (14) years of age." *Appellant's App*. at 85.

In order to obtain a conviction for Class A felony child molesting under Indiana Code section 35-42-4-3(a)(1), the State must prove beyond a reasonable doubt that the defendant (1) performed an act (2) of sexual intercourse or deviate sexual conduct (3) with a child under the age of fourteen (4) and is at least twenty-one (21) years of age. Deviate sexual conduct is defined as (1) the use of a sex organ of one person and the mouth or the anus of another person or (2) the penetration of the sex organ or anus of a person by an object. Ind. Code. § 35-31.5-2-94; *Krebs v. State,* 816 N.E.2d 469, 472 (Ind. Ct. App. 2004).

---

[1] *See* Ind. Code. § 35-42-4-3(a)(1).

Twiford does not contest that the evidence was sufficient to establish that he was over the age of twenty-one (21) years or that B.B. was under the age of fourteen. Rather, he claims the evidence is insufficient because B.B.'s testimony concerning anal penetration was equivocal.

B.B. testified that on more than five occasions Twiford "tried to put his private part in mine. And it hurt." *Tr.* at 104. She testified that Twiford took his and her clothes off and "tried to have S-E-X with me, when I tried to get away." *Id.* at 106. She testified that on approximately ten occasions, Twiford touched her with his hand "on her private part." *Id.* at 108. She testified that Twiford made her "suck on his private part . . . his weenie." *Id.* at 116. When asked if Twiford "ever put anything including his finger into any part of [her] body," B.B. testified that Twiford put "white, clear stuff . . . into her bottom." *Id.* at 139.

Viewed consistently with our standard of review, the foregoing evidence is sufficient for the jury to conclude that Twiford committed the crime of child molesting as a Class A felony.

Affirmed.

MATHIAS, J., and CRONE, J., concur.