## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 10 2020, 10:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine E. Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lucas D. Melton, *Appellant-Defendant,* | February 10, 2020 |
| v. | Court of Appeals Case No. 19A-CR-1903 |
| | Appeal from the Vanderburgh Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable David D. Kiely, Judge |
| | The Honorable Kelli E. Fink, Magistrate |
| | Trial Court Cause No. 82C01-1807-F4-4608 |

**Bailey, Judge.**

# Case Summary

[1] Lucas Melton ("Melton") appeals one of his two convictions for child molesting, as a Class C felony,[1] following a jury trial. The only issue he raises on appeal is the sufficiency of the evidence to support that conviction.

[2] We affirm.

# Facts and Procedural History

[3] E.M., born June 6, 2005, is the child of Jessica Brown ("Mother") and Melton. For most of her life, E.M. lived with her maternal grandparents, Michael and Sherri Brown. Mother also lived with E.M. and Michael and Sherri Brown periodically. Although Melton had no court-ordered parenting time rights, in 2011 or 2012, when E.M. was approximately seven years old, Mother began allowing E.M. to visit Melton where he resided. E.M. visited Melton approximately once every week to ten days. Her visitations were usually for a few hours' time, but occasionally she spent the night with Melton.

[4] On E.M.'s eighth birthday, i.e., June 6, 2013, she refused to go with Melton after a birthday dinner at a restaurant with Melton and Mother. E.M. had begun to express hesitation to visit Melton or speak with him when he called on the telephone. E.M. told Mother she was scared to visit Melton because, in the

---

[1] Ind. Code § 35-42-4-3(b) (effective July 1, 2007 through June 30, 2014).

past, he had left her alone in a vehicle at night and it scared her. She stated that when she had cried because she was scared, Melton had yelled at her. In the summer of 2014, when Mother could not find a babysitter for E.M., Mother suggested that E.M. stay with Melton for fifteen to thirty minutes while Mother attended a meeting. However, E.M. "basically had a panic attack on the kitchen floor" and was "screaming and crying and begging not to go over there." Tr. Vol. II at 61. That was not typical behavior for E.M., who was normally mild-mannered. E.M. told Mother she was scared to go to Melton's but would not tell Mother why. E.M. did not regularly see Melton again until approximately one year later.

[5] In May of 2018, when E.M. was twelve years old, she told her maternal grandfather ("Michael") that Melton had molested her. E.M. informed Michael that she was in the car with Melton when he unzipped his pants, "pulled it out," and touched her inappropriately. Tr. Vol. II at 42. E.M.'s grandmother ("Sherri") contacted the Indiana Department of Child Services that same day. E.M. later explained to Sherri that she felt safe telling her grandparents about the molestation at this time because Melton was in jail and would be unable to confront her about the disclosure. Melton had told E.M. that, if she said anything, they would not see each other again and they would both be in trouble. On June 6, 2018, Sherri took E.M. to Holly House, a child advocacy center, to meet with a detective and trained interviewers.

[6]     On July 5, 2018, the State charged Melton with three counts of Class C felony child molesting,[2] one count of Level 4 felony child molesting,[3] three counts of Class D felony child solicitation,[4] and two counts of Level 5 felony child solicitation.[5] Prior to trial, the court dismissed one of the Class C felony child molesting charges and one count of the Class D felony child solicitation charges at the State's request because they were barred by the statute of limitations.

[7]     Melton's jury trial took place on June 17, 2019. E.M., her mother, and her maternal grandparents all testified. Sherri testified that, in June of 2018, after E.M. had disclosed the molestation, Sherri discovered an entry in E.M.'s journal that stated:

> Dad so as you probably know i told. and im so sorry. i do miss you. i miss going on adventures and hearing your voice. but i can't see you. What you did was wrong. i feel hurt. and i think about it a lot. a dad doesn't do what you did.

Tr. Vol. II at 85; Ex. at 7.

[8]     E.M. testified that, multiple times, Melton engaged in sexual touching with her when she was visiting him either at his residence or in his vehicle. She testified that such touching happened "more than five times," and "probably" more

---

[2] I.C. § 35-42-4-3(b) (effective July 1, 2007 through June 30, 2014).

[3] I.C. § 35-42-4-3(b) (effective July 1, 2014 through June 30, 2015).

[4] I.C. § 35-42-4-6(b)(1) (effective July 1, 2007 through June 30, 2014).

[5] I.C. § 35-42-4-6(b) (effective July 1, 2014).

than ten times. *Id.* at 121.[6] She testified that, specifically between the time her step-sister Willow was born in August of 2013 and the time she had a "breakdown" in the summer of 2014 because she did not want to have visitation with Melton, Melton had engaged in sexual touching with her "more than once." *Id.* at 182. She testified that, after Willow was born but before her "breakdown," Melton touched and massaged her vaginal area, sometimes over her clothes and sometimes under, when they were in his truck. *Id.* at 159-60. She testified that these incidents lasted from five to ten minutes. *Id.* at 161. She testified that, "a couple of times," Melton forced her to touch his penis with her hand. *Id.* at 163. She testified that when Melton put her hand "on his part," he "use[d her] hand to masturbate." *Id.* at 182-83.

[9]     At the close of the State's case, the trial court granted Melton's request for a directed verdict on the remaining counts of felony child solicitation. The jury found Melton guilty of the two remaining counts of Class C felony child molesting[7] and not guilty of the one count of Level 4 felony child molesting. Melton was sentenced accordingly, and this appeal ensued.

---

[6] At times, the State cites to the transcript of E.M.'s testimony during the State's offer of proof that was made outside the presence of the jury. Appellant's Br. at 7; Tr. Vol. II at 115-148. However, an "offer of proof is part of the record only insofar as the defendant chooses to challenge the trial court's exclusion" of evidence or testimony, and "we will not consider the offer for any other purpose." *Bradford v. State*, 675 N.E.2d 296, 302 (Ind. 1996). Because Melton has not challenged any exclusion of evidence, we do not consider E.M.'s testimony during the offer of proof.

[7] The two counts of which Melton was convicted were for child molesting that took place (1) between January 1, 2013, and December 31, 2013, and (2) between January 1, 2014, and July 1, 2014.

# Discussion and Decision

[10] Melton challenges the sufficiency of the evidence to support one of his convictions. Our standard of review of the sufficiency of the evidence is well-settled.

> When an appellate court reviews the sufficiency of the evidence needed to support a criminal conviction, it neither reweighs evidence nor judges the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). The appellate court only considers "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Bailey*, 907 N.E.2d at 1005. A verdict of guilt may be based upon an inference if reasonably drawn from the evidence. *See Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

*Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). Moreover, a conviction may be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[11] To support Melton's conviction of child molesting, as a Class C felony, the State was required to prove that Melton, with a child under age fourteen, performed or submitted to any fondling or touching of the child or himself with intent to arouse the sexual desires of either the child or himself. I.C. § 35-42-4-

3(b). Melton's only allegation on appeal is that the evidence only supports one of the two convictions because there is no evidence of specific dates of child molesting during the relevant time period, i.e, between August 2013 and the summer of 2014. That is, he does not dispute that he fondled or touched E.M. with intent to arouse or that E.M. was under age fourteen when he did so; rather, he asserts that the evidence is only sufficient to show that he did so one time during the relevant time period.

[12] Indiana courts have long held that

> time is not of the essence in the crime of child molesting…. It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

*Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992) (citations omitted). Thus, when the age of the child at the time of the crime was not at issue, we have held the evidence was sufficient to support a child molesting conviction when the victim did not give an exact date but testified to "approximate time frames by reference to other activities." *Phillips v. State*, 499 N.E.2d 803, 806 (Ind. Ct. App. 1986); *see also, e.g.*, *Krebs v. State*, 816 N.E.2d 469, 473 (Ind. Ct. App. 2004) (holding proof of the exact date and time of the molestation was not necessary where the victim's age during a specified time period was not near the dividing line between classes of felonies). We have also held that evidence was sufficient

to show two separate crimes of child molesting when the victim did not identify two specific dates but rather testified that the molestation happened "at least twice." *Kien v. State*, 782 N.E.2d 398, 407-08 (Ind. Ct. App. 2003), *trans. denied*.

[13] As in *Phillips*, E.M. testified to approximate time frames by referencing other activities; specifically, Willow's birth in August of 2013 and E.M.'s "breakdown" in the summer of 2014. That is, E.M. testified that, between August of 2013 and the summer of 2014, while she and Melton were in his truck, Melton both touched her vagina and forced her to touch his penis "more than once." Tr. Vol. II at 182. There is no question that E.M. was only age eight or nine years old during that time period, well below the age of fourteen. I.C. § 35-42-4-3(b). Therefore, the State was not required to prove the exact dates when the child molestation occurred. *Phillips*, 499 N.E.2d at 806. And the evidence was sufficient for the jury to conclude that Melton committed more than one act of child molestation against E.M. during the relevant time period. *Kien*, 782 N.E.2d at 407-08.

# Conclusion

[14] The State provided evidence that E.M. was eight or nine years old when Melton "more than once" fondled or touched her and/or himself with intent to arouse the sexual desires of either E.M. or himself. That evidence was sufficient to support the jury's verdicts of guilty for both of the two Class C felony child molesting convictions.

Affirmed.

Kirsch, J., and Mathias, J., concur.