

FILED

Jun 18 2020, 7:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harley R. Crane, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | June 18, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2292 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Davis, Judge <br><br> Trial Court Cause No. <br> 49G16-1905-F6-21384 |

**Robb, Judge.**

[1] Harley Crane was tried by a jury on Count I, invasion of privacy, a Class A misdemeanor, and Count II, possession of marijuana, a Class B misdemeanor. The jury found him not guilty of Count I and guilty of Count II. *See* Transcript, Volume II at 185. The trial court indicated it would enter judgment on the jury's verdict on Count II and set the case for sentencing. *See id.* at 186. The trial court subsequently sentenced him to 180 days, with credit for twelve actual days served and the remaining 156 days suspended, and ordered ninety days of probation. The sentencing order states as follows:

The Defendant was charged with the following crimes, resulting in the following Dispositions under the above-referenced cause:

| PART I | CHARGES | | | |
|---|---|---|---|---|
| COUNT | CRIME | GOC | STATUTORY CITATION | DISPOSITION |
| II | 35-48-4-11(a)(1)/MB: Possession of Marijuana | | 35-48-4-11(a)(1) | Finding of Guilty |

As a result of the above convictions, the Court has sentenced the defendant as follows:

| PART II | SENTENCE | | | | |
|---|---|---|---|---|---|
| COUNT | SENTENCE | SUSPENDED | CONCURRENT | CONSECUTIVE | WITH (COUNT OR CASE NUMBERS) |
| II | 0 Year(s) and 180 Day(s) | 0 Year(s) and 156 Day(s) | | | |

| COUNT | CONFINEMENT TYPE | CONFINEMENT COMMENTS |
|---|---|---|
| II | County Jail | TIME SERVED. |

Appealed Order at 1.

[2] Crane appeals, raising the sole issue of whether the case should be remanded to the trial court to amend its sentencing order to also reflect the disposition of Count I. Crane asserts the accuracy of a sentencing order is important as a practical matter because sentencing orders "are used by the Indiana State Police to create criminal cross matches [that] play a role in establishing pretrial release terms and sentences." Brief of Appellant at 6-7. The State agrees the case

should be remanded to reflect the not guilty verdict on Count I. *See* Brief of Appellee at 5.

[3] The sentencing order purports to show the crimes the defendant was *charged* with and the resulting dispositions. *See* Appealed Order at 1. And yet this sentencing order does not include any information about Count I. The better practice is for sentencing orders to be complete and accurate with respect to the charges that were *tried* and the disposition of each, not just the charges that were reduced to a conviction. We therefore remand the case to the trial court to amend its sentencing order to reflect that Crane was also tried on Count I and found not guilty. *See Stott v. State*, 822 N.E.2d 176, 178 (Ind. Ct. App. 2005) (remanding to correct a sentencing order that did not accurately reflect the oral disposition of all charges), *trans. denied*.

[4] Remanded.

May, J., and Vaidik, J., concur.