Lonnie PIERCEFIELD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0701–CR–67.

Court of Appeals of Indiana.

Oct. 25, 2007.

Publication Ordered Dec. 5, 2007.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Lonnie Piercefield appeals his convictions for two counts of Class C felony child molesting and appeals a term of his probation. We affirm the convictions, but remand for a modification of probation terms.

### Issues

Piercfield raises three issues, which we restate as:

I. whether the trial court abused its discretion by allowing the admission of evidence regarding the victims' past massages of Piercefield;

II. whether the trial court abused its discretion in denying Piercefield's motion for severance; and

III. whether the term of probation that imposed the requirement that Piercefield report any incidental contact with anyone under the age of eighteen is overly broad.

### Facts

On August 19, 2005, L.S., D.S., and C.S. told Marion County detectives that Piercefield had sexually abused them on numerous occasions. Piercefield was married to their mother and was the children's stepfather. They lived together for nearly ten years and during that time lived in three different homes. L.S., age sixteen, reported that Piercefield had sexual intercourse with her approximately thirty times while they lived in a house on Hanna Avenue about six years prior. L.S. also reported

that she performed oral sex on Piercefield approximately seven times during that time period. During the next two to three years when the family lived on Bikrit Drive, L.S. reported that Piercefield had sexual intercourse with her every two weeks.

D.S., age fifteen, reported that while he was showering Piercefield would undress and enter the shower with him. Piercefield did this approximately five times during the summer of 2005 while the family lived in the house on Dollar Forge Drive. D.S. reported that one of those times Piercefield got on his knees and put D.S.'s penis in his mouth.

C.S., age twelve, reported that while the family lived in the home on Bikrit Drive, Piercefield would occasionally shower with her. Piercefield touched her breasts. C.S. also reported she was sleeping on her mother's bed in the summer of 2005 at the house on Dollar Forge Drive when Piercefield crawled in bed next to her and touched her vagina.

On September 14, 2005, the State charged Piercefield with four counts of Class A felony child molesting and one count of Class C felony sexual misconduct with a minor for the incidents with L.S. The State also charged Piercefield with one count of Class B felony sexual misconduct with a minor for the incident with D.S. and two counts of Class C felony child molesting for the incidents with C.S. The trial court severed the five counts involving L.S. from the three counts involving D.S. and C.S., and a jury acquitted Piercefield of all the charges involving L.S.

The trial on the remaining charges involving D.S. and C.S. began on December 4, 2006. Piercefield moved to exclude evidence at trial that D.S. and C.S. had massaged his feet, back, and buttocks. The trial court denied the motion. Piercefield also sought to sever the two charges in-

volving C.S. from the charge involving D.S., and the trial court denied the motion.

A jury found Piercefield guilty of the two counts of Class C felony child molesting for the incidents with C.S. and acquitted Piercefield of the one charge involving D.S. The trial court sentenced Piercefield to concurrent terms of four years for each of the counts, with two years suspended to be served on probation. This appeal followed.

## Analysis

### I. Exclusion of Evidence

Piercefield contends that the evidence of his stepchildren giving him massages was irrelevant and prejudicial and should have been excluded under Indiana Rule of Evidence 404(b). Piercefield's motion in limine on this issue was denied, and the testimony regarding the massages was admitted. Testimony from D.S. revealed he would perform the massages in order to be allowed to do certain things, such as play video games. C.S. testified Piercefield would ask her to massage him because "his back hurt or something hurt, so I would have to massage it." Tr. p. 97.

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

██ Courts utilize the following two-part test in determining the admissibility of evidence under 404(b). First, a trial court must determine "whether the evidence of other, crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act." *Wilson v. State*, 765 N.E.2d 1265, 1270 (Ind.2002). Then the trial court must determine "whether the probative value of the evidence outweighs the prejudicial effect under Indiana Evidence Rule 403." *Id.* We will reverse a trial court's determination of admissibility of evidence only for an abuse of discretion. *Id.*

Piercefield contends that under a broad interpretation of Rule 404(b), the massages constitute conduct that reflects adversely on his character and should have been excluded. The State's argument is two-fold: first, that the massage is not another crime, wrong, or act, as contemplated by 404(b), and therefore the 404(b) analysis is unnecessary. Second, that State asserts that the evidence is relevant because it shows Piercefield was grooming[1] or preparing his stepchildren for sexual abuse.

In *Ware v. State*, we found that evidence of defendant's sexual activity with a child molesting victim while on vacation and outside the jurisdiction should not be admitted because of its prejudicial effect. The evidence at issue included that the defendant slept naked in the same bed during one trip and performed oral sex on the victim during a cruise. The State argued that the evidence was relevant to show the defendant's knowledge of the victim's age, but we concluded these sexual acts only showed defendant's propensity to commit sexual misconduct. *Ware v. State*, 816 N.E.2d 1167, 1175 (Ind.Ct.App.2004). The State also theorized that the evidence was

relevant to show that defendant was grooming the victim by taking him on extravagant vacations, and we held that the evidence may have had some relevance for that purpose, but ultimately the prejudicial effect outweighed any probative value. *Id.* Still, we did not reverse the conviction because we failed to see how that evidence contributed to the guilty verdict considering a limiting instruction and other cumulative evidence. *Id.*

██ The massages were either requested or demanded by Piercefield, and in the case of D.S. were employed as a tool for the child to garner a reward or be allowed to do something. In either instance, Piercefield was familiarizing the children with touching his body. These contacts were relevant evidence of preparation or plan. We find this evidence showed Piercefield's grooming of the children to familiarize them with touching and create more physical relationship with them. The evidence was probative and admissible to show Piercefield's preparation and plan and any prejudice did not outweigh this probative value.

The testimony regarding the massages is far less prejudicial than the evidence of sexual activity at issue in *Ware*. The testimony of the children did not reveal that the massages they gave to Piercefield involved per se inappropriate touching and clearly did not rise to the level of sexual activity. The activities in *Ware*, however, included oral sex and sleeping in the nude. Unlike the contacts in *Ware*, the massage contacts here were not criminal by themselves and were not overtly sexual. This scenario is unlike past cases where we have held that admission of prior acts of sexual assault was so prejudicial that it

---

1. "Grooming" is "the process of cultivating trust with a victim and gradually introducing sexual behaviors until reaching the point" where it is possible to perpetrate a sex crime against the victim. *U.S. v. Johnson*, 132 F.3d 1279, 1283 n. 2 (9th Cir.1997).

constituted reversible error. *See e.g., Greenboam v. State*, 766 N.E.2d 1247, 1257 (Ind.App.2002) (holding that the admission of evidence regarding defendant's prior molestations was reversible error), *trans. denied; Craun v. State*, 762 N.E.2d 230, 239 (Ind.App.2002) (holding that admission of evidence of prior alleged child molestation was reversible error), *trans. denied.* The admission of testimony regarding the massages did not violate Rule 404(b).

## II. Severance

■ Piercefield argues that the trial court erred by not severing the two charges regarding C.S. from the one charge regarding D.S. for separate trials and that trying the cases together resulted in prejudice to him. Indiana Code Section 35–34–1–11(a) provides a right to severance when "two or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character." Ind.Code § 35–34–1–11(a). Piercefield argues the trial court denied him a right to severance under this statute. The State argues that the charges were not joined solely because they were of a similar character, but because they were similarly linked together by a common modus operandi, a distinctive nature, and the same motive. The State contends that the trial court's decision on severance should be reviewed under an abuse of discretion standard. *See Craig v. State*, 730 N.E.2d 1262, 1265 (Ind.Ct.App.2000).

The two charged incidents with C.S. involved inappropriate touching in the shower and inappropriate touching in a bed. The single charged incident with D.S. alleged oral sex in the shower, following a series of inappropriate showers together. Testimony also indicated that the siblings told each other about the incidents. Both children testified that they would often have to massage the defendant and witnessed each other do such things. D.S. testified that he and C.S. sometimes did the massages together.

We find the charged incidents have more in common than merely the same character. Both of these alleged victims were Piercefield's stepchildren and he lived with them. In two of the three charges, the defendant allegedly isolated the children in the shower at a point when they were undressed and vulnerable. The children were in Piercefield's care at the time, and he had previously showered with them. Both children had also been required to give Piercefield massages. This similar modus operandi shows that the abuse was the work of the same person. *Booker v. State*, 790 N.E.2d 491, 494 (Ind. Ct.App.2003) (reasoning that because both victims were in defendant's care, touched by defendant while in bed, and tested positive for gonorrhea that the charges were correctly joined because they were the "handiwork of the same person" and not solely of the same character), *trans. denied.*

Piercefield contends that similar molestations of stepchildren cannot constitute a unique modus operandi under *Pirnat v. State*, 612 N.E.2d 153, 155 (Ind.Ct.App. 1993). In that case, the defendant fondled two victims while they were lying in bed and the defendant made a Rule 404(b) challenge to the admission of the first incident. This court held that the facts were insufficient to constitute a unique modus operandi and "the particular acts in both incidents were typical, indeed, common in cases of child molestation." *Id.* We find the facts in this case are more unique. Testimony indicated the defendant would shower with C.S. beginning when she was eight years old under the premise that she could not wash her hair by herself. Defendant also allegedly showered with D.S. under the guise of helping D.S. wash him-

self. Although we acknowledge these facts do not have the striking distinctiveness of the situations in *Craig v. State,* we still find they create a unique set of circumstances. *See Craig,* 730 N.E.2d at 1265 (reasoning that facts indicating defendant blindfolded victims and told them he was doing a taste test constituted a distinctive modus operandi). Because of the distinct circumstances and similar modus operandi, we find that Piercefield was not entitled to right of severance and we will review the trial court's decision under the abuse of discretion standard.

 Under the abuse of discretion standard, the trial court must determine whether the severance is appropriate to promote a fair determination of defendant's guilt or innocence of each offense. *Booker,* 790 N.E.2d at 494. In making such a determination, the severance statute mandates that the trial court consider:

(1) the number of offenses charged;

(2) the complexity of the evidence to be offered; and

(3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

I.C. § 35–34–1–11(a).

Here, three offenses were charged. One involved the alleged oral sex with D.S. and the other two involved fondling C.S. The evidence was not complex and consisted primarily of the children's testimony. Each child underwent direct and cross-examination. The jury clearly had no problem in distinguishing the evidence as to each alleged offense and considering the charges separately, because it acquitted Piercefield of the charge involving D.S. The trial court did not abuse its discretion in denying Piercefield's motion for severance.

### III. Probation Terms

 Piercefield argues one of the specific terms of his probation is entirely overly broad and vague, and is nearly impossible to comply with. The State argues that Piercefield waived any argument regarding this probation condition because he did not object to the condition during sentencing to preserve the issue and he signed the probation terms. For support of this proposition, the State cites to cases involving appeals of bond conditions. We find those cases inapplicable and disagree with the State's position. Instead, we liken the appeal of this probation condition to an appeal of a sentence, which we may review "without insisting that the claim first be presented to the trial judge." *Kincaid v. State,* 837 N.E.2d 1008, 1010 (Ind.2005). We also find that Piercefield's signature on the probation terms does not serve as a waiver to challenge any terms on appeal, and we will consider his challenge.

 The trial court's broad discretion in determining the conditions of probation is limited only by the principle that the conditions must be reasonably related to the treatment of the defendant and protection of public safety. *Stott v. State,* 822 N.E.2d 176, 179–80 (Ind.Ct.App.2005), *trans. denied.* The term in question provides:

> You must never be alone with or have contact with any person under the age of 18 unless approved by probation. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties. You must report any incidental contact with persons under age 18 to your probation officer within 24 hours of the contact.

App. p. 279.

This court recently assessed the validly of a nearly identical term in *McVey v. State,* 863 N.E.2d 434, 449 (Ind.Ct.App.

2007), *trans. denied.* The term at issue in *McVey* provided:

> You must never be alone with or have contact with any person under the age of 18. Contact includes face-to-face, telephonic, written, electronic, or any indirect contact via third parties. You must report any incidental contact with persons under age 18 to your probation officer within 24 hours of the contact.

*Id.*

We acknowledged that probation conditions reducing access to children are reasonable because child molesters will molest children to whom they have access. *Id.* Preventing the defendant from being alone with minors and from participating in activities with minors prevent such access. *Id.* However, we held in *McVey* that the specific prohibition on "incidental contacts" was overly broad. *Id.*

The problematic scenarios proposed in *McVey* and here include a hypothetical interaction between the defendant and a teenage restaurant clerk working at a fast food restaurant. By ordering and receiving food from this underage person, it seems a defendant subject to this term of probation would have to call his probation officer and report the incidental interaction. This condition would, in effect, seem to prohibit Piercefield from leaving his home, other than to go to a bar or casino, establishments that would not afford any incidental contact with minors. Otherwise, Piercefield is sure to have incidental contact in the course of doing business with retail, restaurant, and grocery clerks who may be under eighteen or any persons under eighteen who may be in such businesses as customers or with their parents. As we did in *McVey*, we find the provision regarding "incidental contacts" is overly broad. We remand to the trial court with instructions to eliminate the condition involving "incidental contacts" but to continue to prohibit Piercefield from being alone with or initiating contact with anyone under the age of eighteen.

**Conclusion**

The trial court did not abuse its discretion in admitting the evidence of the children massaging Piercefield. Piercefield was not entitled to severance as a matter of right and the trial court did not abuse its discretion denying his motion for severance. In so finding, we affirm Piercefield's convictions. Finally, the probation condition requiring that Piercefield report any incidental contact with anyone under the age of eighteen is overly broad, and we remand for modification.

Affirmed in part and remanded in part with instructions.

KIRSCH, J., and ROBB, J., concur.

*ORDER*

On October 25, 2007, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. Appellant Lonnie Piercefield, by counsel, has filed a Motion to Publish Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

(1) Appellant's Motion to Publish Memorandum Decision is GRANTED, and this Court's opinion handed down in this cause on October 25, 2007, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

Kirsch, Robb, Barnes, JJ., concur.