

FILED

Apr 14 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Mason W. Meunier-Short,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 14, 2016

Court of Appeals Case No.
32A01-1507-CR-968

Appeal from the Hendricks
Superior Court

The Honorable Rhett M. Stuard,
Judge

Trial Court Cause No.
32D02-1410-F6-269

**Robb, Judge.**

# Case Summary and Issues

[1]     Mason Meunier-Short pleaded guilty to criminal recklessness while armed with
a deadly weapon, a Level 6 felony. The trial court sentenced him to two years

in the Department of Correction, with one year suspended to probation. Meunier-Short appeals, arguing (1) the trial court abused its discretion by assessing fines, costs, and fees without first conducting an indigency hearing and by ordering all fines, costs, and fees be paid prior to his earliest possible release date, and (2) the trial court abused its discretion by ordering him to return to school and maintain a "C" average as a condition of his probation.

[2] Concluding the trial court was not required to conduct an indigency hearing before assessing fines, costs, and fees as a condition of probation, nor required to defer the assessment of fines, costs, and fees until after Meunier-Short's release—but is required to conduct an indigency hearing at some point—we remand to the trial court to conduct an indigency hearing prior to the termination of Meunier-Short's probation, or in the event the State files a petition to revoke his probation, prior to revoking Meunier-Short's probation for failure to pay fines, costs, and fees. In addition, we vacate the portion of the Supplemental Probation Order imposing a $200.00 substance abuse fee and $200.00 alcohol and drug countermeasures fee. The trial court was without authority to impose either fee and erred by doing so. As for the condition requiring Meunier-Short to return to school and maintain a "C" average, we conclude the trial court abused its discretion and remand with instructions to amend the Probation Order by giving Meunier-Short the option to either maintain full time employment or "faithfully pursue" a course of study that will equip him for suitable employment. Ind. Code § 35-38-2-2.3(a)(1).

# Facts and Procedural History

[3] On October 10, 2014, Meunier-Short was unemployed and living with his father. That afternoon, Meunier-Short removed a shotgun from beneath his father's bed and pointed it at his girlfriend. Unaware the shotgun was loaded, he pulled the trigger and fired. The shot struck his girlfriend in the abdomen, causing severe and life-threatening injuries. Meunier-Short was arrested and charged with criminal recklessness while armed with a deadly weapon, a Level 6 felony, and a firearm enhancement pursuant to Indiana Code section 35-50-2-11. He hired private counsel and posted a $25,000 surety bond on October 31, 2014. In December, he moved out of his father's apartment and found a job at a restaurant. He enrolled in classes at a community college and completed thirteen credit hours during the spring semester.

[4] On June 23, 2015, Meunier-Short pleaded guilty to criminal recklessness as a Level 6 felony; the State dismissed the firearm enhancement in exchange for his guilty plea. At the time of the sentencing hearing, Meunier-Short was still employed at the restaurant and was enrolled in classes for the summer and fall semesters. He informed the trial court of his intention to transfer to Indiana State University in January 2016 and argued a period of incarceration would "stop all of these positive efforts." Transcript at 92. Nonetheless, the trial court sentenced Meunier-Short to two years in the Department of Correction, with one year suspended to probation. The trial court imposed $1,099.00 in fines, costs, and fees and ordered Meunier-Short return to school and maintain a "C" average following his release. Meunier-Short signed the Probation Order and

did not object to the conditions listed therein. The trial court appointed appellate counsel, and Meunier-Short initiated this appeal.

# Discussion and Decision

## I. Standard of Review

We review the trial court's sentencing decisions for abuse of discretion. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). Sentencing decisions include the imposition of fines, costs, and fees, *Henderson v. State*, 44 N.E.3d 811, 814 (Ind. Ct. App. 2015), and the conditions of a defendant's probation, *Whitener v. State*, 982 N.E.2d 439, 446 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs when a sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *McElroy*, 865 N.E.2d at 588 (citation omitted).

## II. Fines, Costs, and Fees

If a trial court imposes costs or fines as a condition of probation, the court is statutorily required to conduct an indigency hearing. *See* Ind. Code § 33-37-2-3(a) (costs); Ind. Code § 35-38-1-18(a) (fines). Although the hearing must be conducted after a judgment of conviction, *see id.* (referencing "convicted person[s]"), the relevant statutes do not otherwise dictate when the hearing is to be held, *see Berry v. State*, 950 N.E.2d 798, 802 (Ind. Ct. App. 2011). Accordingly, unless the State files a petition to revoke a defendant's probation

for nonpayment of fines, costs, or fees, the trial court is free to postpone the hearing until the completion of the defendant's sentence. *See Johnson v. State*, 27 N.E.3d 793, 795 & n.1 (Ind. Ct. App. 2015) ("A trial court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent."); *see also Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002) (holding "when fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs").

[7]     Meunier-Short contends a trial court may not impose costs or fines upon an indigent defendant. But we have previously held, "A defendant's indigency does not shield him from all costs or fees related to his conviction." *Banks v. State*, 847 N.E.2d 1050, 1051 (Ind. Ct. App. 2006), *trans. denied*. An indigency determination merely prevents the defendant from being imprisoned for his inability to pay. *Henderson*, 44 N.E.3d at 815 (emphasizing "the trial court may in its discretion fine [the defendant] whether or not he is found to be indigent"); *see also Berry*, 950 N.E.2d at 803 n.6 (noting the imposition of costs is an issue separate from the sanctions imposed for nonpayment). In short, Meunier-Short is mistaken. Notwithstanding the indigency hearing requirement contained in Indiana Code sections 33-37-2-3(a) and 35-38-1-18(a), a trial court has the authority to assess fines, costs, and fees against an indigent defendant; "indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas

other defendants must always suffer one or the other
 . . . ." *Williams v. Illinois*, 399 U.S. 235, 244 (1970).

[8]     In addition, the costs and fees mandated by Indiana Code section 33-37-4-1 are imposed by operation of law; the defendant's ability to pay is not considered. *Berry*, 950 N.E.2d at 802-03. Indiana Code section 33-37-4-1 provides in relevant part,

> (a) For each action that results in a felony conviction under IC 35-50-2 or a misdemeanor conviction under IC 35-50-3, the clerk *shall* collect from the defendant a criminal costs fee of one hundred twenty dollars ($120).
>
> (b) In addition to the criminal costs fee collected under this section, the clerk *shall* collect from the defendant the following fees if they are required under IC 33-37-5:
>
> > (1) A document fee (IC 33-37-5-1, IC 33-37-5-3, or IC 33-37-5-4).
> > (2) A marijuana eradication program fee (IC 33-37-5-7).
> > (3) An alcohol and drug services program user fee (IC 33-37-5-8(b)).
> > (4) A law enforcement continuing education program fee (IC 33-37-5-8(c)).
> > (5) A drug abuse, prosecution, interdiction, and correction fee (IC 33-37-5-9).
> > (6) An alcohol and drug countermeasures fee (IC 33-37-5-10).
> > (7) A child abuse prevention fee (IC 33-37-5-12).
> > (8) A domestic violence prevention and treatment fee (IC 33-37-5-13).
> > (9) A highway work zone fee (IC 33-37-5-14).
> > (10) A deferred prosecution fee (IC 33-37-5-17).
> > (11) A document storage fee (IC 33-37-5-20).

(12) An automated record keeping fee (IC 33-37-5-21).
(13) A late payment fee (IC 33-37-5-22).
(14) A sexual assault victims assistance fee (IC 33-37-5-23).
(15) A public defense administration fee (IC 33-37-5-21.2).
(16) A judicial insurance adjustment fee (IC 33-37-5-25).
(17) A judicial salaries fee (IC 33-37-5-26).
(18) A court administration fee (IC 33-37-5-27).
(19) A DNA sample processing fee (IC 33-37-5-26.2).

(Emphasis added).

[9] Here, the trial court ordered Meunier-Short to pay $1,099.00 in various fines, costs, and fees after he pleaded guilty to criminal recklessness while armed with a deadly weapon, a Level 6 felony. The Supplemental Probation Order provides a comprehensive breakdown: (1) $100.00 probation administrative fee; (2) $100.00 initial probation user's fee; (3) $168.00 in court costs; (4) $1.00 fine; (5) $200.00 substance abuse fee; (6) $200.00 alcohol and drug countermeasures fee; and (7) $330.00 in monthly probation user's fees. The Supplemental Probation Order does not specify by when they are to be paid, nor does it identify the specific statutory authority for the fines, costs, and fees imposed.[1] The Felony Sentencing Order reads, "Pay probation fees. Fine $1.00, costs $168.00 and countermeasure fee of $200.00 to be paid by 12-15-2015." Appendix at 82. Similarly, an entry in the Chronological Case Summary states, "Fine $1.00; Costs $168.00, countermeasure fee of $200.00 to be paid by 12-15-

[1] Pursuant to Indiana Code section 35-50-2-7(b), a person who commits a Level 6 felony "may be fined not more than ten thousand dollars ($10,000)."

2015." *Id.* at 7. However, the Amended Judgment of Conviction, Sentencing Order, and Order of Commitment simply states, "Fines, Costs, and Fees shall be paid by 12-15-2015." *Id.* at 81.[2]

[10] The trial court did not conduct an indigency hearing prior to ordering at least some of the fines, costs, and fees be paid by December 15, 2015.[3] And although Meunier-Short was not to be released from the Department of Correction until December 21, 2015, the trial court scheduled a "review hearing . . . on fees" for December 15, 2015. App. at 81. The Chronological Case Summary indicates the hearing was later reset for December 22, 2015, but the purpose of the "review hearing" is unclear from the record. Meunier-Short argues "[t]he hearing was not set to review whether [he] had the ability to pay at that time, but to determine whether he had complied with the court's order to pay by that date." Reply Brief at 3. He contends the trial court erred by assessing fines, costs, and fees without first conducting an indigency hearing and by ordering all fines, costs, and fees be paid prior to his earliest possible release date. The State insists only the fine, court costs, and countermeasures

---

[2] It appears the Judgment of Conviction, Sentencing Order, and Order of Commitment was amended to reflect the defendant's credit time. *See id.* at 80-81; Tr. at 107. The original Judgment of Conviction, Sentencing Order, and Order of Commitment also stated, "Fines, Costs, and Fees shall be paid by 12-15-2015." App. at 80.

[3] The trial court appointed appellate counsel on June 24, 2015, during a hearing held to advise Meunier-Short of the conditions of his probation. Meunier-Short argues the trial court thereby determined he is indigent for the purpose of fines, costs, and fees. Although the trial court's appointment of appellate counsel implies a finding of indigency, we have previously held appointment of council is not conclusive as to a defendant's ability to pay fines, costs, and fees. *E.g.*, *Briscoe v. State*, 783 N.E.2d 790, 792-93 (Ind. Ct. App. 2003) (holding the trial court erred by failing to conduct an indigency hearing where the trial court had appointed both trial and appellate counsel).

fee were to be paid by December 15, and argues the trial court was acting within its authority because the fine was "de minimis" and the court costs and countermeasures fee are imposed regardless of the defendant's ability to pay. The State also insists an indigency hearing would have been "superfluous" because the trial court was "abundantly aware of Defendant's exact financial situation" at the time of sentencing. Brief of Appellee at 10.[4]

[11] First, we note the trial court lacked the statutory authority to impose the $200.00 substance abuse fee and the $200.00 alcohol and drug countermeasures fee. *See* Ind. Code § 33-37-4-1(b)(5), (6).[5] Indiana Code section 33-37-5-9(b) provides, "The court shall assess a drug abuse, prosecution, interdiction, and correction fee of at least two hundred dollars ($200) and not more than one thousand dollars ($1,000) against a person convicted of an offense under IC 35-48-4."[6] Indiana Code chapter 35-48-4 describes offenses relating to controlled substances; it does not include offenses against persons. *See* Ind. Code § 35-42-

---

[4] Specifically, the State argues an indigency hearing is not required because: (1) Meunier-Short retained private trial counsel; (2) he posted a $25,000 surety bond; (3) he had been employed since December 2014; (4) he reported $1,000.00 in assets; (4) he represented that he would be able to pay for placement in community corrections; and (5) his father agreed to financially support him if he stayed in college. Yet, the trial court appointed appellate counsel, suggesting Meunier-Short may also be indigent for the purpose of fines, costs, and fees. In addition, as our supreme court observed, "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration . . . ." *Whedon*, 765 N.E.2d at 1279.

[5] Although neither party brought this issue to the court's attention, we cannot ignore a sentence that is improper as a matter of law. *See Groves v. State*, 823 N.E.2d 1229, 1232 (Ind. Ct. App. 2005) (stating an improper sentence constitutes fundamental error and cannot be ignored on review).

[6] We assume the "substance abuse fee" imposed by the trial court refers to the "drug abuse, prosecution, interdiction, and correction fee" referenced in Indiana Code section 33-37-4-1(b)(5) and defined by Indiana Code section 33-37-5-9(b). *See* App. at 89.

2-2 (defining criminal recklessness). Likewise, Indiana Code section 33-37-5-10 provides,

> (a) The clerk shall collect an alcohol and drug countermeasures fee of two hundred dollars ($200) in each action in which:
> > (1) a person is found to have:
> > > (A) committed an offense under IC 9-30-5;
> > > (B) violated a statute defining an infraction under IC 9-30-5; or
> > > (C) been adjudicated a delinquent for an act that would be an offense under IC 9-30-5, if committed by an adult; and
> > (2) the person's driving privileges are suspended by the court or the bureau of motor vehicles as a result of the finding.
>
> (b) The clerk shall collect an alcohol and drug countermeasures fee of two hundred dollars ($200) in each action in which:
> > (1) a person is charged with an offense under IC 9-30-5; and
> > (2) by a plea agreement or an agreement of the parties that is approved by the court:
> > > (A) judgment is entered for an offense under:
> > > > (i) IC 9-21-8-50;
> > > > (ii) IC 9-21-8-52;
> > > > (iii) IC 7.1-5-1-3; or
> > > > (iv) IC 7.1-5-1-6; and
> > > (B) the defendant agrees to pay the alcohol and drug counter measures fee.

Indiana Code chapter 9-30-5 describes offenses relating to operating a vehicle while intoxicated; criminal recklessness does not fall under this chapter.[7] Accordingly, the trial court was without authority to impose either the substance abuse fee or the alcohol and drug countermeasures fee and erred by doing so.

[12] Second, contrary to Meunier-Short's assertion, the trial court is not required to defer the assessment of fines, costs, and fees until after a defendant's release date. *See Berry*, 950 N.E.2d at 801. Nor is the trial court required to suspend payment of fines, costs, and fees until a defendant completes his sentence. *See id.* at 802. Indiana Code sections 33-37-2-3 and 35-38-1-18 permit, but do not require, the trial court to suspend payment. *See id.* Moreover, although these statutes address how a trial court may enforce payment of fines or costs by a non-indigent person, they do not address the procedure a trial court should follow if the person is found to be indigent. *Vaughn v. State*, 982 N.E.2d 1071, 1074 (Ind. Ct. App. 2013). Indiana Code section 33-37-2-3 provides in relevant part,

> (a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. *If the person is not indigent*, the court shall order the person to pay:
>> (1) the entire amount of the costs at the time sentence is

---

[7] Indiana Code section 9-21-8-50 defines reckless operation of a tractor-trailer combination. Indiana Code section 9-21-8-52 defines reckless driving. Indiana Code sections 7.1-5-1-3 and 7.1-5-1-6 prohibit public intoxication and intoxication upon a common carrier, respectively.

pronounced;

(2) the entire amount of the costs at some later date; or

(3) specified parts of the costs at designated intervals.

(b) A court *may* impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. *If the convicted person is not indigent*, the court shall order the convicted person to pay the costs:

(1) at the time the costs are due; or

(2) in a manner set forth in subsection (a)(2) through (a)(3).

(Emphasis added); *accord* Ind. Code § 35-38-1-18 (fines).

[13]     Had the trial court conducted a hearing and determined Meunier-Short was not indigent, the trial court could have ordered Meunier-Short to pay the fines, costs, and fees at the time he was sentenced or sometime prior to his earliest possible release date. *See id.* The trial court did not conduct an indigency hearing, however, and ordered Meunier-Short to pay at least some of the fines, costs, and fees while he was still in prison. It cannot be determined from the record whether all fines, costs, and fees were due by December 15, 2015, but if only the fine, court costs, and countermeasures fee were due on that date, it is entirely unclear when the remaining fees are due. Although the Chronological Case Summary does not show any petitions to revoke Meunier-Short's probation, nothing in the record suggests Meunier-Short has paid any of the

fines, costs, and fees the trial court imposed. For these reasons, we are construing all of the fines, costs, and fees as conditions of his probation.[8]

[14] Finally, we do not agree with the State's contention that an indigency hearing would have been superfluous in this case. Indiana Code sections 33-37-2-3(a) and 35-38-1-18(a) unequivocally require an indigency hearing, and the State cites no authority to support its assertion that an indigency hearing may not be required if a fine is "de minimis." Moreover, there is conflicting information in the record regarding Meunier-Short's ability to pay. Although Meunier-Short retained private trial counsel and was employed at the time of sentencing, the trial court subsequently appointed appellate counsel. We therefore remand to the trial court to conduct an indigency hearing prior to the termination of Meunier-Short's probation, or in the event the State files a petition to revoke his probation, prior to revoking Meunier-Short's probation for failure to pay fines, costs, and fees. In addition, we vacate the portion of the Supplemental Probation Order imposing a $200.00 substance abuse fee and $200.00 alcohol and drug countermeasures fee. The trial court was without authority to impose either fee and erred by doing so.[9]

---

[8] To the extent the trial court intended any of the fines, costs, or fees be due on December 15, 2015, the trial court erred by failing to conduct an indigency hearing. *See Bex v. State*, 952 N.E.2d 347, 355-56 (Ind. Ct. App. 2011) (holding the trial court did not abuse its discretion by imposing a fee as a condition of probation without first conducting an indigency hearing because the fee was not due until after the defendant completed the executed portion of her sentence), *trans. denied.*

[9] Indiana Code section 33-37-2-3(c) provides, "If a court suspends payment of costs . . . the court retains jurisdiction over the convicted person until the convicted person has paid the entire amount of the costs." Citing this subsection, Meunier-Short argues the Supplemental Probation Order should be vacated in its

# III. Conditions of Probation

The trial court also ordered Meunier-Short to return to school and maintain a "C" average as a condition of his probation:

> [O]nce you get out . . . of the Department of Corrections [sic] . . . I'm going to order you as part of your . . . probation to return to school; get back in Ivy Tech or get back in ISU or find some kind of educational opportunity. [Y]ou must get enrolled in school . . . as soon as you can. [Y]ou must maintain . . . C's or better; this is not time to go to school and . . . you know goof around. [I]t's time to . . . get your education and move on with life. Sir, you've told me . . . that you've turned your life around. You've told me that . . . this was a wakeup call and I really hope that it is. . . . [D]on't let the fact that you're about to go to the Department of Corrections [sic] stop that, let it be an opportunity for you to springboard . . . and continue the good that – that you have started.

Tr. at 98; *see also* App. at 93 (Probation Order, requiring "Defendant to enroll and return to school and maintain C's or better").

The trial court has broad discretion in determining the appropriate conditions of a defendant's probation. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. Our review is limited to determining whether the conditions placed on the defendant are "reasonably related to the treatment of

entirety because the trial court did not suspend payment of costs and therefore did not retain jurisdiction over him. As we explained above, Indiana Code section 33-37-2-3 only addresses how a trial court may enforce payment of costs by a non-indigent defendant. *See Vaughn*, 982 N.E.2d at 1074. It does not confer jurisdiction as Meunier-Short suggests.

the defendant and the protection of public safety." *Jackson v. State*, 816 N.E.2d 868, 871 (Ind. Ct. App. 2004). Meunier-Short contends the trial court abused its discretion by imposing a condition that is unrelated to his rehabilitation or the public's safety. The State argues Meunier-Short waived this issue by failing to object to the condition when he was sentenced and by signing the Probation Order.[10] Waiver notwithstanding, the State further contends the condition is reasonably related to Meunier-Short's treatment and the protection of public safety because Meunier-Short "was doing absolutely nothing productive with his life and was actively engaged in criminal activity" at the time of the offense. Br. of Appellee at 20. The State also suggests the trial court acted within its discretion because Meunier-Short urged the trial court to consider his enrollment in school during sentencing.

[17] First, we note there appears to be a division of authority among the panels of this court regarding whether a defendant must object to his probation conditions in order to preserve the issue for appeal. In some cases we have held the defendant's failure to object waived appellate review of his probation conditions. *Patton v. State*, 990 N.E.2d 511, 514 (Ind. Ct. App. 2013); *Hale v.*

---

[10] By signing the Probation Order, Meunier-Short agreed to the following:

> I have received a copy of the above conditions of probation which were read to me by the Judge. I understand that if I violate a condition of probation, a petition to revoke my probation may be filed. I also understand that a petition to revoke my probation may be filed up to one (1) year after my probation ends for a violation which occurred during my period of probation. I understand that the probation department must file the petition to revoke my probation within forty-five (45) days after it receives notice of the violation.

App. at 93.

*State*, 888 N.E.2d 314, 319 (Ind. Ct. App. 2008), *trans. denied*; *Stott v. State*, 822 N.E.2d 176, 179 (Ind. Ct. App. 2005), *trans. denied*. But in *Piercefield v. State*, 877 N.E.2d 1213 (Ind. Ct. App. 2007), *trans. denied*, we rejected the State's argument that a defendant waives review of his probation conditions by failing to object at sentencing and then signing a form listing the conditions. In so holding, we analogized "the appeal of [a] probation condition to an appeal of a sentence, which we may review 'without insisting that the claim first be presented to the trial judge.'" *Id.* at 1218 (quoting *Kincaid v. State*, 837 N.E.2d 1008, 1010 (Ind. 2005)); *accord Bratcher v. State*, 999 N.E.2d 864, 873-74 (Ind. Ct. App. 2013), *trans. denied*. We find the reasoning of *Piercefield* persuasive and conclude Meunier-Short has not waived appellate review of this issue.

[18] As for the merits, we believe requiring Meunier-Short to return to school and maintain a "C" average as a condition of probation constituted an abuse of discretion. The trial court may, as a condition of probation, require a person to "[w]ork faithfully at suitable employment *or* faithfully pursue a course of study or career and technical education that will equip the person for suitable employment." Ind. Code § 35-38-2-2.3(a)(1) (emphasis added). However, the trial court ordered Meunier-Short to "maintain full time employment" in addition to ordering that he "enroll and return to school and maintain C's or better." App. at 93 (Probation Order). Although we agree it would behoove Meunier-Short to return to school and do well in his program, we fail to see how this condition, in conjunction with the employment condition, reasonably relates to his conviction for criminal recklessness. *Cf. Hurst v. State*, 717 N.E.2d

883, 886 (Ind. Ct. App. 1999) (holding the revocation of the defendant's hunting license for two years was reasonably related to his rehabilitation following his convictions for illegal sale of a wild animal). Moreover, it unclear whether Meunier-Short could afford to attend school after his period of incarceration. His father agreed to provide some level of financial support if he stayed in college, but this promise is vague at best and entirely unenforceable.

[19] In short, requiring Meunier-Short to return to school and maintain a "C" average while also working full time—without regard to his ability to pay for school or the time needed to maintain satisfactory grades—is not reasonably related to Meunier-Short's rehabilitation or the public's safety. We therefore remand to the trial court with instructions to amend the Probation Order by giving Meunier-Short the option to either maintain full time employment or "faithfully pursue" a course of study that will equip him for suitable employment. Ind. Code § 35-38-2-2.3(a)(1).

# Conclusion

[20] We remand to the trial court to conduct an indigency hearing prior to the termination of Meunier-Short's probation, or in the event the State files a petition to revoke his probation, prior to revoking Meunier-Short's probation for failure to pay fines, costs, and fees. In addition, we vacate the portion of the Supplemental Probation Order imposing a $200.00 substance abuse fee and $200.00 alcohol and drug countermeasures fee. The trial court was without authority to impose either fee and erred by doing so. As for the probation

condition requiring Meunier-Short to return to school and maintain a "C" average, we conclude the trial court abused its discretion by imposing this condition in addition to requiring he maintain full time employment. We remand with instructions to amend the Probation Order by giving Meunier-Short the option to either maintain full time employment or "faithfully pursue" a course of study that will equip him for suitable employment. Ind. Code § 35-38-2-2.3(a)(1).

[21] Reversed in part and remanded with instructions.

Barnes, J., and Altice J., concur.