## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2016, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnathan L. Bean, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 16, 2016 <br><br> Court of Appeals Case No. 30A01-1603-CR-641 <br><br> Appeal from the Hancock Circuit Court <br><br> The Honorable Christopher L. Isom, Judge Pro Tem <br><br> Trial Court Cause No. 30C01-1503-F3-332 |

**Bailey, Judge.**

# Case Summary

Johnathan L. Bean ("Bean") pled guilty to Rape, as a Level 3 felony.[1]  He now appeals, challenging certain conditions of sex offender probation restricting his access to children, use of internet websites, and employment in private residences.  He presents the sole issue of whether the trial court abused its discretion by imposing those restrictions.  The State responds that Bean agreed to the imposition of such restrictions, subject to subsequent review after a psycho-sexual evaluation was completed.  We affirm.

# Facts and Procedural History

On January 26, 2016, Bean pled guilty to Rape.  He admitted that he had, on February 1, 2015, digitally penetrated G.W.'s vagina, when G.W. was unaware that the sexual conduct was occurring.  G.W. was eighteen years old.

On February 25, 2016, in accordance with a plea agreement between the State and Bean, the trial court sentenced Bean to six years imprisonment.  Two years were to be executed in the Indiana Department of Correction and four years were suspended to probation with twenty-six sex offender conditions.  The twenty-six conditions were enumerated in a document entitled "Indiana Special

---

[1] Ind. Code § 35-42-4-1.

Probation Conditions for Adult Sex Offenders," referenced in the plea agreement between the State and Bean. (App. at 27.) This appeal ensued.

# Discussion and Decision

[4] We review a trial court's sentencing decisions for an abuse of discretion. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). Sentencing decisions include the imposition of fines, costs, and fees, and the conditions of a defendant's probation. *Meunier-Short v. State*, 52 N.E.3d 927, 930 (Ind. Ct. App. 2016). The trial court has broad discretion in determining the appropriate conditions of a defendant's probation. *Id.* at 936. Our review of the trial court's discretion is limited to whether the conditions are reasonably related to the defendant's treatment and the protection of public safety. *Id.* When the defendant challenges a probationary condition on the basis that it is unduly intrusive on a constitutional right, we evaluate that claim by balancing the following factors: (1) the purpose to be served by probation, (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be enjoyed by probationers, and (3) the legitimate needs of law enforcement. *McVey v. State*, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007).

[5] Among the twenty-six restrictions placed upon Bean as part of his sex offender probation, conditions 8, 9, 17, 20, 21, and 22 were restrictions involving access to minors, either personally or via websites. Condition 18 prohibited certain employment within private residences of other persons and Condition 26 restricted internet or electronic device use without approval. Bean observes that

his eighteen-year-old victim had attained adulthood, and argues that restrictions related to the protection of children do not further his treatment or protect public safety. He also argues that limitations upon employment in private residences and access to internet websites are so vague that he does not know what behavior is prohibited and thus the restrictions are unconstitutionally vague.

[6] The State responds that appellate review of these conditions is not warranted because Bean entered into a plea agreement that contemplated those conditions, he agreed not to appeal his sentence, he did not specifically object at the sentencing hearing, and, moreover, Bean affirmed in open court, by counsel, that the conditions were appropriately imposed pending sex offender evaluation and potential for revision.

[7] In *Meunier-Short*, a panel of this Court recognized the split of authority on the necessity of objecting to probation conditions at the sentencing hearing:

> We note there appears to be a division of authority among the panels of this court regarding whether a defendant must object to his probation conditions in order to preserve the issue for appeal. In some cases we have held the defendant's failure to object waived appellate review of his probation conditions. *Patton v. State*, 990 N.E.2d 511, 514 (Ind. Ct. App. 2013); *Hale v. State*, 888 N.E.2d 314, 319 (Ind. Ct. App. 2008), *trans. denied*; *Stott v. State*, 822 N.E.2d 176, 179 (Ind. Ct. App. 2005), *trans. denied*. But in *Piercefield v. State*, 877 N.E.2d 1213 (Ind. Ct. App. 2007), *trans. denied*, we rejected the State's argument that a defendant waives review of his probation conditions by failing to object at sentencing and then signing a form listing the conditions. In so holding, we analogized "the appeal of [a] probation condition to

an appeal of a sentence, which we may review 'without insisting that the claim first be presented to the trial judge.'" *Id.* at 1218 (quoting *Kincaid v. State*, 837 N.E.2d 1008, 1010 (Ind. 2005)); *accord Bratcher v. State*, 999 N.E.2d 864, 873-74 (Ind. Ct. App. 2013), *trans. denied*. We find the reasoning of *Piercefield* persuasive and conclude Meunier—Short has not waived appellate review of this issue.

52 N.E.3d at 936.

[8] Here, however, probationary conditions were not imposed upon Bean at the sentencing hearing without prior notice and opportunity for negotiation or objection.[2] Indeed, the plea agreement between the State and Bean provided in relevant part:

> [F]our years shall be suspended and served on sex offender probation. Conditions of sex offender probation are to include any special conditions that the Judge and Probation may elect. A list of special probation conditions for sex offenders is attached as an example. Conditions may be chosen from that list, and there also may be conditions that are not on the list.

App. at 21-22. The attached document was the "Indiana Special Probation Conditions for Adult Sex Offenders," specifying twenty-six conditions. (App. at 27.) The plea agreement also provided that Bean had a right to appeal his sentence "if there is an open plea," defined as "an agreement which leaves the sentence entirely to the Judge's discretion, without any limitations or the

---

[2] We note that the trial court did not include a sex offender condition other than the twenty-six enumerated in the attachment to the plea agreement.

dismissal of any charges." (Tr. at 24.) The plea agreement specified that Bean had not entered into an open plea.

[9] After having signed the plea agreement giving up his right to appeal and providing for the inclusion of special conditions for adult sex offenders, Bean appeared at the sentencing hearing and advised the trial court that his understanding was there were no changes to the plea agreement other than the insertion of the language "defendant shall be released directly to Community Corrections." (Tr. at 17.) Bean was afforded the opportunity to present evidence, and counsel responded: "No evidence Your Honor, only discussion about the presentence for the purpose of certain aspects of the Probation terms for the record." (Tr. at 18.) Counsel then argued that the presentence investigation report omitted appropriate mitigating factors.

[10] Counsel continued:

> I also note that as a term and condition of the defendant's plea of guilty which he has accepted responsibility for and entered into freely, knowingly and voluntarily, the Plea Agreement itself specifies that he may be subject to certain sex offender or special conditions of probation which can be applied. I would note that a general list of them are provided with the Plea Agreement and constitute the set Indiana Special Probation Conditions for adult sex offenders located on the back. … I note that some of the conditions of probation are other special conditions of which some of them apply to individuals in other types of sex offenses, but not necessarily the type of sexual offense contemplated here. The type of sex offense contemplated here does not involve the defendant's family, it does not involve the defendant's children or siblings, it does not involve minors, it does not involve

playgrounds, schools, churches, parks, it did not involve the internet, it did not involve the use of the internet, it did not involve pornography. I understand that certain terms must be rationally related and I would only take issue with a handful of them. … Namely the provision regarding minors and playgrounds as my client has juvenile family member[s].

(Tr. at 19-20.) Counsel stopped short of lodging an objection or asking that a specific restriction among the twenty-six be omitted. He explained that he expected that the Probation Department would request the imposition and later "lifting" of certain restrictions, and he did not want his client to have waived "any issue he might have with those terms." (Tr. at 20.) A discussion ensued between the trial court, defense counsel, and a probation department representative.

[11] The probation employee advised the trial court of the probation department's anticipated procedure as follows:

> Because the sex offender conditions are decided now in Court, they come with him when he comes to us to probation. We don't decide those when he comes to meet with us. The Court has taken the stance that it assigns all sex offender specific conditions. Once that specific offender has their sex offender specific evaluation with one of the three agencies that this Court accepts, if that evaluator says there is no risk and puts that in writing we submit that to the Court at that time for the Court to lift those specific conditions. But the cherry picking of conditions is not something that the Court has entertained before so I'm not sure if you're wanting him to undergo an evaluation at his own cost and have that person appear in Court to testify as to this. Because he will have time between now and when he starts Probation if the Plea Agreement is accepted.

(Tr. at 21-22.) Defense counsel expressed his "belief" that some terms could not be applied consistent with legal precedent or "sufficiently enforced." (Tr. at 22.) However, counsel ultimately represented to the trial court that he "didn't have a problem if we can revisit them later if Probation thought that they were rationally related[.]" (Tr. at 22.) The trial court imposed all twenty-six conditions, with the proviso: "My understanding is the examiner can come back and say some conditions are not needed." (Tr. at 23.)

[12] As previously observed, this is not a situation where Bean was first confronted with specific conditions of sex offender probation when probation was ordered. Bean entered into a plea agreement specifying that he was waiving his right to appeal his sentence and was to be subject to special probation conditions for adult sex offenders; at sentencing, defense counsel generically referenced child-related provisions and expressed some misgivings; ultimately, however, counsel had "no problem" if conditions could be revisited after a psycho-sexual evaluation. (Tr. at 22.) Essentially, Bean has sought to preserve all benefits of his plea agreement with the State, yet not be held to the provision for waiving his right to appeal his sentence.

[13] In his appellant's brief, Bean cites *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) for the proposition that "a defendant may waive their right to appeal as a part of a written plea agreement, [but] the record must clearly demonstrate that it was knowing[] and voluntary." Appellant's Brief at 12. He then summarily argues that, in light of the plea agreement language and "the discussion with the court concerning whether certain terms of the sentence were appropriate," the record

does not demonstrate a knowing and voluntary waiver. Appellant's Brief at 12. Our review of the record indicates that Bean executed a plea agreement with the State, personally advised the trial court that the only change was one of more favorable placement, and, by counsel, acknowledged that he entered into the agreement "freely, knowingly, and voluntarily." (Tr. at 19.) We agree with the State that Bean waived his right to appeal the trial court's sentencing decision, which includes the conditions of probation. *Meunier-Short*, 52 N.E.3d at 930.

# Conclusion

Bean waived appellate review of the conditions of his sex offender probation.

Affirmed.

Riley, J., and Barnes, J., concur.