## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 21 2016, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sheila Johnson, *Appellant-Defendant,* | October 21, 2016 |
| | Court of Appeals Case No. 49A05-1603-CR-665 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Amy Jones, Judge |
| | Trial Court Cause No. 49G08-1507-CM-26910 |

**Vaidik, Chief Judge.**

# Case Summary

Sheila Johnson got into a dispute with her neighbors about toys her children had thrown into their yard. In her children's presence, Johnson pushed one of her neighbors and slapped a phone out of his hands. Johnson also called her neighbors derogatory names and encouraged her children to do the same. Johnson was convicted of misdemeanor battery and sentenced to probation. As a condition of her probation, the trial court ordered her to complete parenting classes. Johnson now appeals, arguing that requiring her to complete parenting classes as a condition of her probation is not reasonably related to her rehabilitation for misdemeanor battery on her neighbor. Because Johnson encouraged her children to participate in the taunting of the neighbor that she battered, we conclude that requiring Johnson to complete parenting classes as a condition of her probation is reasonably related to her treatment and the protection of public safety. We therefore affirm the trial court.

# Facts and Procedural History

In June 2015, Josh VanWolde and his partner Kevin Doty lived next to Johnson on the eastside of Indianapolis. Johnson lived with her two children, her mother, and her deceased sister's three children.

One day that month, Josh found trash and children's toys in their backyard and told Kevin about it. Concerned about their dogs eating the trash and toys, Kevin went to Johnson's house to return the items and told Johnson that the

children were throwing things in their yard. Johnson said she would "handle it." Tr. p. 44.

[4] Later that day, Josh and Kevin found more trash and toys in their backyard, including some of the same toys from before. Josh accompanied Kevin to Johnson's house for the second time that day. Johnson was there, along with her mother, "a variety of other similar aged women," and the children. *Id.* at 18, 20, 29. Johnson was "instantly hostile and overly aggressive." *Id.* at 18 (Josh explaining that it "went from [']we'd like to talk['] to [']red zone['] pretty quick"). Josh took out his phone and tried to record the encounter; however, Johnson shoved Josh off the steps and slapped the phone out of his hands. Johnson told Josh and Kevin that it was their problem and that she was not responsible for the children's actions. *See id.* at 19, 28. Johnson swung her arms at Josh, *id.* at 26 (Josh "flinch[ed]" in response), and called Josh and Kevin "faggots" and made "gay jokes," *id.* at 25, 28. Johnson also encouraged the children to "shout and chant" these things to Josh and Kevin. *Id.* at 25. In short, the situation was "out of control." *Id.* at 20.

[5] Josh and Kevin went home and called 911. An officer from the Indianapolis Metropolitan Police Department responded and spoke to Josh and Kevin first. The officer then went to Johnson's house. Johnson was "[e]xtremely aggressive and uncooperative" with the officer and continued to refer to Josh and Kevin as "faggots" in front of the children. *Id.* at 33-34. When the officer expressed concern that Johnson was using this language in front of the children, Johnson told the officer, "Don't worry about my children, bit**." *Id.* at 34.

[6] The State later charged Johnson with Class B misdemeanor battery. Following a bench trial, Johnson was convicted as charged. The trial court sentenced Johnson to 180 days, with 178 days suspended to probation. As a condition of her probation, the court ordered Johnson to complete parenting classes, anger-management classes, and forty hours of community service.

[7] Johnson now appeals.

# Discussion and Decision

[8] Johnson raises one argument on appeal. She contends that the trial court abused its discretion in ordering her to complete parenting classes as a condition of her probation. As a condition of probation, the trial court may require a defendant to, among other things, "[p]articipate in a treatment program, educational class, or rehabilitative service provided by a probation department or by referral to an agency." Ind. Code § 35-38-2-2.3(a)(4). The trial court has broad discretion in determining the appropriate conditions of a defendant's probation. *Meunier-Short v. State*, 52 N.E.3d 927, 936 (Ind. Ct. App. 2016). Our review is limited to determining whether the conditions placed on the defendant are "reasonably related to the treatment of the defendant and the protection of public safety." *Id.* (quotation omitted).

[9] Johnson argues that requiring her to complete parenting classes as a condition of her probation is not "'reasonably related' to her rehabilitation for a misdemeanor battery on a neighbor." Appellant's Br. p. 10; *see also* Appellant's

Reply Br. p. 5-8. We disagree. The facts show that the dispute in this case started when the children threw trash and toys into Josh and Kevin's backyard. When Kevin went to Johnson's house to address the issue, Johnson said she would take care of it. But when some of the same toys were thrown back into their yard later that same day, Josh and Kevin returned to Johnson's house. Johnson, who claimed no responsibility for the children's actions, instantly became hostile and aggressive with Josh and Kevin. In the children's presence, Johnson pushed Josh off the steps and slapped his phone out of his hands. She also called Josh and Kevin derogatory names and encouraged the children to shout and chant the same things to them, creating an "out-of-control" situation. Because Johnson encouraged the children to participate in the taunting of the neighbor that she battered, thereby involving them in her crime, we conclude that requiring Johnson to complete parenting classes as a condition of her probation is reasonably related to her treatment and the protection of public safety. Accordingly, the trial court did not abuse its discretion.

Affirmed.

Baker, J., and Najam, J., concur.