## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2017, 6:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony M. Premore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 21, 2017

Court of Appeals Case No.
20A05-1609-CR-2250

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1511-F4-53

**Bradford, Judge.**

# Case Summary

On November 17, 2015, Appellee-Plaintiff the State of Indiana charged Appellant-Defendant Anthony M. Premore with two counts of Level 4 felony sexual misconduct with a minor. On July 27, 2015, following a jury trial, Premore was found guilty as charged. The trial court subsequently sentenced Premore to an aggregate term of sixteen years with four years suspended to probation. The trial court also imposed a $10,000.00 fine, which the court suspended. A hearing will be held by the trial court to determine whether Premore is indigent once he begins serving his probationary term. The trial court further ordered that Premore, if found to be indigent at that time, would not be incarcerated for failing to pay the fine or any costs. On appeal, Premore argues that it inappropriate to impose a $10,000.00 fine. Because the fine has been suspended by the trial court and the indigency hearing will not be held until after Premore has completed his twelve years of incarceration, there is no issue before us ripe for appellate review.

# Facts and Procedural History

On November 17, 2015, the State charged Premore with two counts of Level 4 felony sexual misconduct with a minor. On July 27, 2016, Premore was convicted on both charges after a jury trial. On September 1, 2016, the trial court sentenced Premore to an aggregate term of sixteen years with four years suspended to probation. Additionally, the trial court imposed a suspended $10,000.00 fine. The fine will remain suspended until Premore has completed

his executed sentence and a hearing has been held to determine whether he is indigent. If Premore is found to be indigent at the time of his release, then he will not be arrested or sanctioned for failing to pay the fine. On appeal, Premore argues that the imposition of a $10,000.00 fine in his case is inappropriate.

# Discussion and Decision

[3] The Indiana Supreme Court has held that our appellate courts do not consider issues concerning what a trial court may or may not do sometime in the future. *Ind. Dept. of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 340 (Ind. 1994). Moreover, ripeness, as an aspect of subject matter jurisdiction, "relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Id.* at 336. It is a matter of speculation as to what, if any, fine Premore will be ordered to pay upon his release in twelve years. Because Premore has not completed his executed sentence, and the trial court has not conducted the indigency hearing, the $10,000.00 remains suspended, and there currently exists nothing for this court to review.

[4] We affirm the judgment of the trial court.

Najam, J., concurs.

Riley, J., concurs in result with opinion.

| | |
|---|---|
| Anthony M. Premore, *Appellant-Defendant,* | Court of Appeals Case No. 20A05-1609-CR-2250 |
| v. | |
| State of Indiana, *Appellee-Plaintiff.* | |

**Riley, Judge concurring in result**

While I concur with the majority that the issue is not ripe for appellate review, I write separately to express my view that even if we attempted to address the issue on its merits, Premore would still not prevail. This court recently authored a very detailed opinion on indigency hearings in *Meunier-Short v. State*, 52 N.E.3d 927 (Ind. Ct. App. 2016), in which we stated as follows:

> If a trial court imposes costs or fines as a condition of probation, the court is statutorily required to conduct an indigency hearing.

> Although the hearing must be conducted after a judgment of conviction, the relevant statutes do not otherwise dictate when the hearing is to be held. Accordingly, unless the State files a petition to revoke a defendant's probation for nonpayment of fines, costs, or fees, the trial court is free to postpone the hearing until the completion of the defendant's sentence.

*Id*. at 930-31. In reaching its decision, the *Meunier-Short* court relied on Ind. Code sections 33-37-2-3 and 35-38-1-18, which permit, but do not require, a trial court to suspend payment of all or part of the fines or costs until the defendant has completed all or part of his sentence. Accordingly, here, the trial court properly suspended Premore's fine and postponed the indigency hearing until the completion of his executed sentence to determine what amount of the fine, if any, Premore must pay.