# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 11 2020, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deondre D. Langston,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | February 11, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1451<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Barbara Crawford, Judge<br><br>Trial Court Cause Nos.<br>49G01-1902-F5-5863<br>49G01-1807-F3-22213 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Armed with a knife, Deondre Langston robbed a Family Dollar store in Marion County during business hours and was charged with robbery, a Level 3 felony. While incarcerated awaiting disposition of that charge, he was involved in an incident that led to a charge of battery by bodily waste, a Level 5 felony. In a single proceeding, Langston pleaded guilty to both offenses as charged, leaving his sentences open to the trial court's discretion. Langston was sentenced to consecutive terms of ten years in the Indiana Department of Correction ("DOC") with three years suspended for the robbery conviction, and four years in the DOC with one year to be served in community corrections and one year suspended to probation for the battery conviction. He was also ordered to stay away from all Family Dollar stores in Marion County. Langston now appeals that condition of his probation, raising one issue for our review: whether the trial court abused its discretion in imposing a condition of probation that he claims is overly broad.[1] Concluding the condition is not overly broad as it is reasonably related to his rehabilitation and public safety, we affirm.

# Facts and Procedural History

---

[1] The robbery and battery cases were consolidated for appeal on Langston's motion. Several documents had already been filed in the individual appellate cause numbers and so the consolidated cause number contains separate documents for each trial court cause number. Where appropriate, we have designated the record materials by the corresponding trial court cause number: "Cause 22213" for the robbery case; "Cause 5863" for the battery case.

[2] Around noon on July 6, 2018, James Wheeler and two other people were working at the Family Dollar store on German Church Road in Indianapolis. Wheeler observed a man, later identified as Langston, walking through the aisles of the store putting items in an open bag. Wheeler made an announcement that customers found stealing would be arrested. Langston then approached the front door to leave. Wheeler confronted Langston, asking to check his bag. Langston refused and pulled out a knife. He told Wheeler not to be a hero and said if employees called the police, he would come back and kill them. Langston then went back into the store and retrieved a cart with a tote full of laundry detergent from an aisle. As he wheeled the cart out of the store, Langston again told Wheeler not to be a hero. Langston got into a waiting vehicle being driven by a female. One of the store employees was able to get the license plate number of the vehicle as it left the parking lot and reported the robbery to the police. When police stopped the suspect vehicle a short time later, they found a female driving, with Langston in the passenger seat and a tote full of laundry detergent in the back seat. Langston told police, "No matter how many times I get caught, I'm gonna go steal. That's what I do. You can give me 20 years in prison, I'm gonna go steal when I get out." Appellant's Appendix [Cause 22213], Volume II at 20.

[3] The State charged Langston with robbery, a Level 3 felony. While incarcerated awaiting disposition of that charge, he was involved in an altercation with another inmate at the jail and ultimately bit a correctional officer who was

trying to stop the altercation. The State charged Langston with battery by bodily waste, a Level 5 felony.[2]

[4] Langston entered an open plea agreement with the State, agreeing to plead guilty in both cases as charged and leaving all terms of his sentence to the trial court's discretion. The trial court sentenced Langston to ten years in the DOC with three years suspended for robbery; a consecutive term of four years at the DOC with one year to be served in community corrections and one year suspended to probation for battery; entered no contact orders for the three Family Dollar employees present on the day of Langston's offense "for the length of the sentences[; and] then stay away from the Family Dollar as well." Transcript of Evidence, Volume II at 29. The written sentencing order stated there was a "Stay Away Order" for "All Family Dollar Stores in Marion County[.]" Appellant's App. [Cause 5863], Volume II at 10.[3] Langston now appeals this condition of his sentence.

# Discussion and Decision[4]

---

[2] The State alleged both that Langston knew the bodily fluid was infected with HIV, Ind. Code § 35-42-2-1(h)(1), and that Langston committed the battery upon a public safety official, Ind. Code § 35-42-2-1(h)(2). Either of these conditions increase the offense to a Level 5 felony. Ind. Code § 35-42-2-1(h).

[3] The trial court entered a written sentencing order in each case. The sentencing order in the robbery case states there is a "Stay Away Order . . . From Family Dollar." Appellant's App. [Cause 22213], Volume II at 14.

[4] The State argues Langston has not preserved this issue by failing to make a record at the sentencing hearing. Whether or not a probation condition can generally be challenged for the first time on appeal, *see Meunier-Short v. State*, 52 N.E.3d 927, 936 (Ind. Ct. App. 2016) (noting an apparent split of authority on the issue),

[5]     The fashioning of probation conditions, assigned in lieu of imprisonment, are a matter entrusted to the discretion of the trial court. *Bleeke v. Lemmon*, 6 N.E.3d 907, 918 (Ind. 2014). Probation is "simply one point . . . on a continuum of possible punishments," meant to "assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large" when the offender would otherwise be imprisoned and away from the public. *Id.* (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874-75 (1987)). We will not disturb a trial court's probation order absent an abuse of discretion, which occurs "when the probation conditions imposed are not reasonably related to rehabilitating the defendant and protecting the public." *Weida v. State*, 94 N.E.3d 682, 687 (Ind. 2018). Accordingly, our review centers around whether imposed probation conditions "reasonably relate[] to attaining these goals." *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*.

[6]     At the sentencing hearing, the trial court acknowledged that Langston "has a pretty significant history of mental health challenges." Tr., Volume II at 26. The pre-sentence investigation report indicated that Langston was diagnosed with schizophrenia, bi-polar disorder, ADHD, and depression as a child. The trial court also noted his ongoing and consistent criminal activity. "And my

---

the trial court in this case stated at the sentencing hearing that Langston was to stay away from "the" Family Dollar. Tr., Vol. II at 29. It was only when the trial court entered its written sentencing orders that the trial court's intention for the stay away order to apply to *all* Family Dollar stores in Marion County became apparent. Thus, Langston did not have a fair opportunity to object to the actual probation condition during the sentencing hearing.

concern is that that is not — that is not going to stop if — or be interrupted even if we send you back into the community." *Id.* at 27. Langston's criminal activity began as a juvenile, and he has eleven prior felony convictions and several misdemeanor convictions, many for theft-related offenses. The trial court found the aggravator of Langston's criminal history outweighed the mental health mitigator – although not "by a whole lot." *Id.* at 27. Accordingly, the trial court gave him a slightly aggravated sentence in each case and ordered the sentences to be served consecutively but offered some leniency at the end of his sentence in the form of community corrections and probation. As for the conditions of his probation, the trial court ordered him to stay away from the three Family Dollar employees on duty at the time of the robbery and also to stay away from all Family Dollar stores in Marion County for the length of his sentence.

[7] Langston concedes that a stay away order from the Family Dollar location he robbed would be a reasonable probation condition, *see* Brief of Appellant at 11, but argues that ordering him to stay away from *all* Family Dollar stores in Marion County is an overly broad condition not reasonably related to his rehabilitation and the protection of the public. In support of his argument, Langston cites *Hurd v. State*, 9 N.E.3d 720 (Ind. Ct. App. 2014). In *Hurd*, the defendant was convicted of battering a woman leaving a bus stop near her home at 38th Street and College Avenue in Indianapolis. The thirty-five-year-old defendant had been diagnosed with paranoid schizophrenia and lived with his mother, who was also his guardian, on the east side of the city but often

took the bus to visit and stay with friends in the area of 38th and College. The trial court gave him a suspended sentence of 178 days with non-reporting probation, ordered him to comply with his mental health treatment plan, and ordered him to stay away from the victim. The trial court also ordered him to stay away from an area bordered by 28th Street to the south, 48th Street to the north, Martin Luther King, Jr. Street to the west and Fall Creek Parkway to the east. This was roughly a one-mile radius in all directions from 38th and College in the heart of downtown Indianapolis. The defendant appealed this condition of his probation, arguing it was not reasonably related to his rehabilitation and public safety. We agreed, noting it was reasonable for the trial court to express concern for the defendant's mental health and therefore order him to comply with his treatment. It was also reasonable for the trial court to express concern for the victim of his crime and order the defendant to stay away from her. "However, prohibiting [the defendant] from entering a significant area of the central part of Indianapolis is not tailored to his rehabilitation or public safety." *Id.* at 726.[5]

[8] This case is distinguishable from *Hurd*. Whereas in *Hurd*, the defendant was prevented by the stay away order from entering a large area of the city with little to no showing of why that was necessary, here, Langston's freedom of movement is not inhibited, he is simply prohibited from entering individual

---

[5] The trial court initially entered a stay away order for a five-block radius from 38th and College, but the victim's boyfriend, who also happened to be a police officer, objected and requested the stay away order cover the larger area.

locations of a store brand he not only robbed on this occasion, but that his criminal history shows he has robbed before. In October 2004 and June 2018, Langston was charged with theft and ultimately ordered to stay away from all Family Dollar stores in Marion County as a condition of his probation in those cases. *See* Appellant's App. [Cause 22213], Vol. II at 91, 97. We note, as the trial court did, that Langston suffers from a mental illness and that he either does not understand or does not care about the wrongfulness of his conduct. Langston stated at the time of his arrest that stealing is what he does, indicating he has no intention of stopping. And his criminal history bears this out. Family Dollar is not the only retail establishment Langston has been ordered to stay away from. In 2010, as part of a sentence for criminal trespass, Langston was ordered to stay away from Castleton Square Mall. Also in 2010, as part of a sentence for battery and battery resulting in bodily injury, Langston was ordered to stay away from all Safeway Stores in Marion County. And in 2013, as part of a community corrections sentence for theft, Langston was ordered to stay away from IU Health/Methodist Hospital, Carson Pirie Scott, and all Dollar General stores in Marion County. Thus, although the probation condition in this case is broad and unlikely to be effective in stemming Langston's tendency to steal, it is not *overly* broad, as it is reasonably related to rehabilitating this particular defendant and protecting the public that works and shops in Indianapolis-area Family Dollar stores.

# Conclusion

[9] The condition of Langston's probation requiring that he stay away from all Family Dollar locations in Marion County is not overly broad and the trial court therefore did not abuse its discretion in imposing this condition. The judgment of the trial court is affirmed.

[10] Affirmed.

Bradford, C.J., and Altice, J., concur.